COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


PETER D. CHRISTENSEN
                                          OPINION BY
v.          Record No. 1363-97-1      JUDGE JOSEPH E. BAKER
                                        FEBRUARY 24, 1998
JANALEE M. CHRISTENSEN


            FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                      John M. Folkes, Judge

            Breckenridge Ingles (Martin, Ingles & Ingles,
            Ltd., on brief), for appellant.

            No brief or argument for appellee.


        Peter D. Christensen (husband) appeals the decision of the

Gloucester County Circuit Court awarding Janalee M. Christensen

(wife) a divorce.  Husband contends that the trial court

erroneously entered the divorce decree without complying with the

provisions of Code § 20-107.3(A).  He asserts there was "no

evidence that it was clearly necessary to retain jurisdiction

with regard to equitable distribution."  Accordingly, husband

argues, we should set aside the decree of divorce and remand this

cause to the trial court for further proceedings.  We disagree

and deny the requested relief.

        The facts are not in dispute.  Husband and wife were married

in 1980 in Florida.  Two children were born of the marriage, both

of whom remain minors.  On February 22, 1996, husband filed a

bill of complaint for divorce charging desertion and adultery and

requested all such relief as provided for by Code § 20-107.3.

Wife filed an answer and cross-bill requesting a divorce on grounds of cruelty and seeking equitable distribution. On May 9, 1997, the trial court indicated its intent to enter a decree of divorce based on a one-year separation, reserving to the parties their right to equitable distribution. Husband objected to entry of the divorce decree prior to resolution of the equitable distribution because the bifurcation was not "clearly necessary." The parties had "very little [marital property] to speak of," a trailer and "a little bit of real estate, maybe worth $20,000." The record contains no other evidence regarding the necessity for bifurcation.

Confronted with husband's objection that the divorce should not be granted in the absence of a record showing a clear necessity to reserve matters of equitable distribution, the trial court responded: "Well, I think it's necessary. I think [wife] wants a divorce, and that might accelerate yours." The trial court then entered the decree of divorce, which included a provision that "the parties reserve their right to an equitable distribution of the marital property of the parties pursuant to § 20-107.3 of the Code of Virginia, 1950, as amended."

Code § 20-107.3, as originally written, did not address whether a trial court could dissolve the bond of matrimony between the parties and retain jurisdiction to decide marital property matters at a later time. See Parra v. Parra, 1 Va. App. 118, 336 S.E.2d 157 (1985). Subsequent to Parra, in 1986, Code

§ 20-107.3 was amended.  See 1986 Va. Acts ch. 537.  In relevant part, it then provided:

> Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce from the bond of matrimony, . . . [t]he court, on the motion of both parties, may retain jurisdiction in the final decree of divorce to adjudicate the remedy provided by this section when the court determines that such action is clearly necessary because of the complexities of the parties' property interests, and all decrees heretofore entered retaining such jurisdiction are validated.

Id. (emphasis added).

The 1986 amendment clearly authorized bifurcation of the divorce issue and equitable distribution of marital property "only where the parties jointly [made] a motion to do so and then only when the court determine[d] that such action [was] clearly necessary because of the complexities of the parties' property interests."  Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 385-86, 404 S.E.2d 388, 391 (1991).  Otherwise, the divorce issues and equitable distribution determinations were to be adjudicated contemporaneously.  See id.

In both 1991 and 1992, the legislature again amended Code § 20-107.3[1] but continued limitations on the trial court's authority to retain equitable distribution jurisdiction upon granting a final divorce.  See 1991 Va. Acts ch. 640; 1992 Va.

---

[1]The legislature previously had enacted other amendments, not directly relevant to the portion of the statute under discussion, in 1988, 1989 and 1990.  See 1988 Va. Acts chs. 745, 746, 747, 825, 880; 1989 Va. Acts ch. 70; 1990 Va. Acts chs. 636, 764.

Acts ch. 88. The 1991 and 1992 amendments were effective at the time the trial court entered the decree from which this appeal emanates. As a result of these amendments, the applicable portion of Code § 20-107.3 provides:

> Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce from the bond of matrimony, . . . [t]he court, on the motion of either party, may retain jurisdiction in the final decree of divorce to adjudicate the remedy provided by this section when the court determines that such action is clearly necessary, and all decrees heretofore entered retaining such jurisdiction are validated.

Id. (emphasis added). The 1991 and 1992 amendments eliminated the requirement that both parties join the retention motion and the requirement that the equitable distribution matter be complex. However, the statute retained the requirement that the trial court must make a specific finding of clear necessity for granting the divorce while retaining jurisdiction to decide equitable distribution issues.

Under the facts of this case, we hold that the trial court erred in bifurcating the equitable distribution and divorce proceedings. The trial court made no express finding that bifurcation of the proceedings was "clearly necessary," see Code § 20-107.3(A) (emphasis added), and the record does not support such a finding. We therefore must determine whether, as a consequence, the decree entered by the trial court dissolving the marriage must be set aside and the matter remanded. Here, we are confronted with an issue similar, but not identical, to the issue

addressed by this Court in Erickson-Dickson.  There, the Court noted that the 1986 amendment continued to be "silent as to whether the divorce is void or voidable because complete relief was not granted, or whether, how, or to what extent the parties may proceed with equitable distribution."  12 Va. App. at 386, 404 S.E.2d at 391.

Because subsequent amendments have done nothing to clarify that dilemma, we hold that this Court's rationale in Erickson-Dickson is equally applicable to the facts of this case.  Circuit courts in this Commonwealth are authorized to enter decrees of divorce that dissolve the bond of matrimony between the parties, see Code § 20-96, and to "equitably distribut[e] the marital wealth."  Erickson-Dickson, 12 Va. App. at 387, 404 S.E.2d at 392; see Code § 20-107.3.  Where a court has jurisdiction of the subject matter of the controversy, and the parties before it, its mistaken exercise of that jurisdiction does not render its judgment void.  See County Sch. Bd. v. Snead, 198 Va. 100, 107, 92 S.E.2d 497, 503 (1956).  An act of the legislature, not the courts, is required to deprive circuit courts of authority to enter decrees of divorce.  Cf. Parra, 1 Va. App. at 123, 336 S.E.2d at 159 (noting that jurisdiction in divorce suits "is purely statutory and cannot be acquired inferentially or through indirection").

Following the Erickson-Dickson opinion and before the proceedings in the instant case, the legislature met on several

occasions, amending Code § 20-107.3 two additional times, and yet it has given no indication of a desire to deprive the circuit court of the authority to dissolve the bond of matrimony even if the attempt to retain jurisdiction over equitable distribution was made contrary to the Code provisions. See 1992 Acts ch. 88; 1993 Acts ch. 79. "[W]here the General Assembly acts in an area in which this Court has already spoken, it is presumed to know the law as the Court has stated it and to acquiesce therein." McFadden v. Commonwealth, 3 Va. App. 226, 230, 348 S.E.2d 847, 849 (1986) (quoting Burns v. Board of Supervisors, 227 Va. 354, 360, 315 S.E.2d 856, 860 (1984)).

In summary, Code § 20-107.3(A) forbids the court from retaining jurisdiction to make an equitable distribution award after the divorce has been granted without first finding a clear necessity therefor. However, the statute does not prohibit the court from granting the divorce. Therefore, we hold that the language in the decree that "the parties reserve their right to an equitable distribution of the marital property of the parties pursuant to § 20-107.3" was an erroneous attempt to retain jurisdiction of the matter without complying with the clear necessity provision of that Code section; however, the decree dissolving the bond of matrimony between the parties is not void or voidable as a result.

Accordingly, we will not set aside the decree of divorce, and the relief prayed for is denied.

<u>Denied.</u>