COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Bumgardner
Argued at Salem, Virginia


RODNEY EMIL DEANE

MEMORANDUM OPINION[*] BY
v.    Record No. 2347-98-2        JUDGE SAM W. COLEMAN III
                                  JULY 20, 1999
REGENIA LYNN DEANE


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Jr., Judge

William C. Scott IV (Ronald R. Tweel;
Michie, Hamlett, Lowry, Rasmussen & Tweel,
on briefs), for appellant.

John K. Taggart, III (Patricia D. McGraw;
Tremblay & Smith, LLP, on brief), for
appellee.


Following the entry of a final divorce decree on May 19,
1997, Rodney Emil Deane (husband) and Regenia Lynn Deane (wife),
filed numerous post-decree motions requesting that the trial
court correct errors on the face of the record, clarify its
rulings, and modify child and spousal support.  As a result, the
trial court entered a decree on September 16, 1998, modifying
child and spousal support nunc pro tunc.  The modification
created instant support arrearages.  That decree also found that
no agreement existed between the parties to divide certain

        *Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

marital assets and further found that it no longer had jurisdiction to equitably divide those assets since the divorce decree had became final for more than twenty-one days.

Husband appeals the September 16, 1998 decree contending that the trial court lacked jurisdiction to modify support and, alternatively, that it erred in calculating the appropriate modification and resulting arrearages. Wife, who also appeals, contends that the trial court erred by finding that the parties had not agreed on an equitable division of certain marital assets. Alternatively, she asserts that the trial court ordered that all marital assets be equally divided and that ruling controls the assets in question.

We find that the trial court did not err in holding that the final divorce decree did not equitably divide certain marital assets and that the parties did not enter into an enforceable equitable distribution agreement. As to the child and spousal support issues, we find that the trial court had jurisdiction to modify support prospectively from the date the motion to modify was filed, but did not have authority to modify support retroactively. Finally, we find that the trial court erroneously calculated the adjustment to the spousal support award. Accordingly, we affirm the trial court's rulings in part, but reverse the spousal support ruling and remand the case for the trial court to correct the modification of the spousal support award.

-

Wife filed a bill of complaint for divorce.  Following ore tenus hearings, the trial court entered a final divorce decree on May 19, 1997, which neither party appealed.  The final decree awarded wife $698.28 per month for child support and $924.06 per month for spousal support.  Also, the decree, which equitably distributed some of the parties' marital property and debt, did not reserve the right to distribute the remaining marital property as authorized by Code § 20-107.3(A).  See Christensen v. Christensen, 26 Va. App. 651, 654-55, 496 S.E.2d 132, 133 (1998).

On September 24, 1997, wife filed a "Motion to Correct Errors" apparent on the face of the record.  The motion asserted that the final decree had failed to include a provision setting forth the trial court's spousal support award and that the trial court failed to include a provision dividing certain marital property, namely Mercury Services, Express Car Wash Company, and Express Charlottesville (hereinafter, the "undivided assets").

After hearing evidence on wife's "Motion to Correct Errors," the trial court ruled that the final decree contained a ministerial error in that it omitted the court's prior ruling awarding spousal support.  Additionally, after reviewing the transcripts, the court ruled that the parties had reached no agreement regarding the undivided marital assets, and therefore, the court had not erred in the final decree by omitting a

-

provision enforcing the purported agreement or by refusing to divide those assets. Thus, the trial court entered a decree on October 24, 1997, incorporating these rulings. Neither party appealed that decree.

On December 2, 1997, wife filed a "Motion for Clarification" in which she alleged that in the October 24, 1997 decree the trial court failed to

> address the issue of whether the respondent continues to be obligated under the May 19, 1997, order to divide income with the Complainant as provided therein[1] and if the court so finds, whether he is in contempt of court for failure to either pay her any funds from these assets for the last year or to provide her any accounting of the same.

Wife asserted in her motion to clarify "[t]hat in computing child and spousal support, the Court added $3,658.00 of unearned income to Complainant's salary from those [undivided] assets, however, Complainant has never receive[d] any income" from those assets after entry of the final decree. In other words, the court had based its support award upon the fact that at the time of the award wife was receiving one-half of the income from the undivided marital assets, which husband stopped paying her after entry of the final divorce decree. Wife requested that the

---

[1]The May 19, 1997 decree incorporated the trial judge's May 6, 1997 letter opinion in which the court made a finding as to the parties' respective incomes for the purpose of calculating support. In the opinion letter, the trial court allocated half the income to each spouse from each of the "undivided assets."

-

trial court either order husband to pay one-half the accrued income from the undivided assets or to modify the support award nunc pro tunc to reflect that she had not received the income but husband had retained it.

On May 26, 1998, the trial court ruled on the "Motion for Clarification" in a letter opinion which stated that as to "equitable distribution of the property of the parties, the Court finds the parties never did agree to a division of [the undivided assets]" and "[t]here has been no division of those assets by the Court." As to spousal support, the court noted that it had calculated the wife's support award based upon the fact that the parties were equally dividing the income from the undivided assets and the assumption that the equal division would continue.

On July 16, 1998, the trial court conducted a hearing concerning the undivided marital assets and whether to adjust the child and spousal support awards in light of the fact the wife did not receive the asset income and that the husband had received this additional income.

Based upon the parties' revised income statements, the trial court ruled that both parties agreed that the wife had not received a substantial portion of the asset income upon which both support awards had been based. The court found that this constituted a material change in circumstances justifying modification of the support obligations as authorized by Code

-

§§ 20-108 and 20-109(A). Based on the revised income statements, the trial court recalculated the parties' incomes and ordered an increase in child support effective nunc pro tunc to November 1, 1996, which was the effective date of the original support award. The modification resulted in the husband owing wife child support arrearage.

As to spousal support, the trial court had determined in its May 6, 1997 letter opinion that wife's after-tax child and spousal support need totaled $1,432. Because at the time of the July 16, 1998 hearing wife was earning $298.33 per month less than the trial court had contemplated in it prior award, the trial court added $298.33 to the previous combined awards of $1,432 resulting in a new combined income need of $1,730.33. The court then subtracted the newly calculated child support figure ($728.98) from the newly calculated combined need resulting in a net spousal support need of $1,001.35. Then, adjusting for income taxes at the rate previously considered, the trial court adjusted the spousal support award nunc pro tunc from $1,001.35 to $1,253.69. The court modified the award effective to November 1, 1996, the effective date of the original support award. As a result of the modification,

husband owed wife a total child and spousal support arrearage of $7,662.19.[2]

As to the undivided assets, which the court had previously found not to be affected by an agreement between the parties, the court ruled that the properties were owned solely by husband. The court further held that it had no authority to divide these assets or to make a monetary award pursuant to Code § 20-107.3(C) or (K). Both parties objected to the court's rulings and decree. Husband claims that the trial court's rulings and decree as to child and spousal support were barred by Rule 1:1 and that the court erred in calculating the support modification. Wife claims that the trial court erred by refusing to honor the parties' agreement to equally divide the undivided assets or to equally divide those assets in accordance with its ruling.

---

[2]Ordinarily, to calculate child support a court must include spousal support in the gross income of the receiving spouse and deduct spousal support from the gross income of the paying spouse. See Frazer v. Frazer, 23 Va. App. 358, 381, 477 S.E.2d 290, 301 (1996). Accordingly, a trial court should first calculate spousal support and then child support. Here, however, husband explicitly waived his right to have the trial court consider spousal support in calculating child support. The court began by establishing wife's after-tax total income need and thereafter subtracted from that figure child support to arrive at her spousal support need. Unconventional though this method was, the husband expressly consented to it.

-

ANALYSIS

Jurisdiction to Modify Support

A trial court has continuing jurisdiction to modify child and spousal support upon finding that a material change in circumstances warrants modification.  See Code § 20-108; § 20-109; Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992); Watkinson v. Henley, 13 Va. App. 151, 156, 409 S.E.2d 470, 472-73 (1991).

Husband contends that because neither party moved for modification, the issue was not properly before the court.  We disagree and find that the trial court had authority and jurisdiction to modify child and spousal support in its September 16, 1998 decree.

In regard to child support, Code § 20-108 specifically states that the court may modify a support award on its own motion.  Notwithstanding that provision, we find that wife's "Motion for Clarification" placed the issues of child and spousal support modification before the court.  In that motion, wife requested that the trial court order husband to pay wife one-half the income from the undivided assets "or in the alternative to recompute child support and spousal support nunc pro tunc to May 19, 1997, to accurately reflect that the only income she receives is from her salary."  We find this motion,

-

filed December 2, 1997, constitutes a motion to modify child and spousal support on behalf of wife.[3]

### Authority to Modify Retroactively

Although the trial court had jurisdiction to modify spousal support, the trial court erred by ordering the modification effective retroactively to November 1, 1996. A trial court only has authority to modify child and spousal support prospectively from the date of filing of the petition for modification. See Code § 20-108 ("No [child] support order may be retroactively modified."); Code § 20-109 (granting the trial court authority, upon petition of either party, to modify spousal support "that may thereafter accrue" (emphasis added)); Reid v. Reid, 245 Va. 409, 414, 429 S.E.2d 208, 211 (1993). The "Motion for Clarification" was filed December 2, 1997; the trial court could only modify the support awards effective as of that date.

### Calculating the Modifications

Additionally, we find that the trial court erred in calculating the correct modification of spousal support. A

---

[3]We reject wife's assertion that the trial court had authority to "correct" the decreed support awards pursuant to Code § 8.01-428(B). The original support awards were not errors apparent on the face of the record that could be corrected without further litigation. See Cutshaw v. Cutshaw, 220 Va. 638, 641, 261 S.E.2d 52, 53 (1979) (stating that the trial court has the authority to correct the record "when the record clearly supports such correction"). The trial court based the original support awards on the evidence of the parties' income. The trial court based the modification on new evidence of income.

-

spouse's entitlement to a spousal support award and the amount of that award are committed to the sound discretion of the judge.  See Stubblebine v. Stubblebine, 22 Va. App. 703, 707, 473 S.E.2d 72, 74 (1996).  The only changes of circumstances were that wife's income had decreased by $298.33 and husband's income had increased by $298.33.

First, using the statutory child support guidelines and the parents' modified income figures, the trial court modified husband's child support obligation from $694.28 to $728.98 per month.  Next, to calculate the modified spousal support award, the trial court determined that it would award wife the same after-tax child and spousal support that it had previously awarded, which was $1,432.[4]  Because wife was in fact receiving $298.33 less income than the trial court had contemplated when it determined her combined after-tax support need, the trial court added $298.33 to the combined need figure resulting in a new combined need of $1,730.33 ($298.33 + $1,432.00 = $1,730.33).  The court subtracted the newly calculated child

---

[4]The trial court had previously ordered $694.28 of child support and $924 of spousal support, which resulted in the total support figure of $1,432 (after applying a 20.13% tax to spousal support).  In the May 6, 1997 letter opinion, the trial court refers to a tax rate that wife agreed to in an April 18, 1997 letter that is not in the record.  Although the court did not articulate that rate, it appears to have applied a 20.13% tax. In the September 16, 1998 decree, the trial court again calculated the tax at the same 20.13% rate.  We, therefore, accept that rate in our review and calculations.

support ($728.98) from the newly calculated combined need resulting in a figure of $1,001.35 ($1,730.33 - $728.98 = $1,001.35). Then, adjusting for income taxes at the 20.13% rate, the trial court adjusted the spousal support from $1,001.35 to $1,253.69.

We find that the trial court intended to modify the support awards in a manner that would provide wife the same net monthly income that the trial judge had contemplated in the May 6, 1997 award. However, based on our review of the calculation, it appears that the modification resulted in a net combined support award greater than the net award contemplated in the previous decree -- the error resulting from the fact that the trial court compensated for wife's $298.33 decrease in taxable income by awarding her a $298.33 increase in after-tax income.

According to our calculation, wife's monthly income as contemplated by the May 6, 1997 opinion letter would have been as follows: her taxable income exclusive of support was $2,957.50; her spousal support was $924; thus, her taxable income was $3,881.50 ($2,957.50 + $924.00 = $3,881.50). Applying the 20.13% tax, her net after-tax monthly income and support was $3,100.15. The trial court awarded child support at $694.28. Thus, wife's total after-tax monthly income and support was $3,794.15.

Under the September 16, 1998 modified award, the trial court determined that wife's income exclusive of support was

-

$2,659.17.  The trial court awarded spousal support of $1,253.69.  Thus, wife's monthly taxable income was $3,912.86 ($2,659.17 + $1,253.69 = $3,912.86).  Applying the 20.13% tax rate, her after-tax income, exclusive of child support, would be $3,125.20.  The trial court awarded child support of $728.98.  Therefore, her total after-tax monthly income, as modified, would be $3,854.18.  Accordingly, the September 16, 1998 decree awarded wife $60.03 more net income per month than the trial court had contemplated in its May 6, 1997 award ($3,854.18 - $3,794.15 = $60.06).[5]

### The Undivided Assets

Finally, we hold that the trial court did not err in its September 16, 1998 decree by refusing (1) to divide the

---

[5]In order to modify wife's spousal support so that she would receive the monthly income contemplated under the May 6, 1997 award, the trial judge should have awarded wife $1,178.53 in spousal support.  That figure is calculated as follows:  the target after-tax monthly income was $3,794.15.  The court awarded the modified child support in the amount of $728.98.  Thus, wife needed an additional $3,065.17 of after-tax dollars in order to receive $3,794.15 ($3,794.15 - $728.98 = $3,065.17).  Wife's modified income exclusive of all support and adjusted for tax was $2,123.88 ($2,659.17 - [.2013 x $2,659.17] = $2,123.88).  Thus, in order to attain the contemplated total net monthly income, wife required a spousal support award that would increase her net income by $941.29 ($3,065.17 - $2,123.88 = $941.29).  Adjusted for taxes, a spousal support award of $1,178.53 yields the requisite after-tax amount of $941.29 ($1,178.53 - [.2013 x $1,178.53] = $941.29).  Thus, in order to adjust for the wife's $298.33 monthly decrease in taxable income, the trial court would have needed to modify the spousal support award from $924 to $1,178.53 instead of $1,253.69.

-

undivided marital assets, (2) to order a monetary award for wife's interest in the undivided marital assets, or (3) to order husband to pay her one-half the income from the undivided assets. On May 19, 1997, the trial court entered a final decree that addressed all matters of equitable distribution. In that decree the trial court did not divide the undivided assets, did not incorporate or recognize any agreement between the parties which divided those assets, did not award a division of the income from those assets, did not order a monetary award to wife for her share of the value in the undivided assets, and did not retain jurisdiction over matters of equitable distribution. Neither party appealed the decree and it became final twenty-one days after its entry. See Rule 1:1.

Accordingly, on December 2, 1997, when wife requested that the trial court revisit the division of income from the undivided assets, the trial court had no jurisdiction to do so. Therefore, the trial court did not err by refusing to revisit the issues in the September 16, 1998 decree which the parties presently appeal.

## CONCLUSION

In summary, we hold that the trial court had authority to modify the child and spousal support awards prospectively and retroactively until December 2, 1997. Therefore, on remand the arrearage resulting from the modification shall be determined as of that date. Additionally, we find that the trial court erred

-

by compensating for a $298.33 reduction in taxable income by creating a $298.33 increase in after-tax income. Thus, on remand the trial court shall modify its spousal support award in accordance with the conclusions of this opinion. We hold that the trial court did not err in refusing to equitably distribute the undivided assets in the September 16, 1998 decree. Finally, we find both parties had reasonable grounds for this appeal and, therefore, we deny their respective requests for awards of attorneys' fees. See Gayler v. Gayler, 20 Va. App. 83, 87, 455 S.E.2d 278, 280 (1995). Accordingly, we affirm in part but reverse and remand the spousal support award for entry of a decree consistent with this opinion.

Affirmed, in part,
reversed and remanded,
in part.
