# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Buckman

v.

PTS Corp., Inc., et al.

October 15, 1999

Case No. (Chancery) CH99-968

BY JUDGE ROBERT B. CROMWELL, JR.

The matter is before the court on Defendants' demurrer to Plaintiff's bill of complaint. Pat Tauro and Joseph Scott, owners and officers of co-defendant Alliance Bail Bonds, filed this demurrer asking the Court to dismiss them from the pending action. The issue before the court is whether the owners and officers of a corporation may be personally liable for violation of Va. Code Ann. § 8.01-40. The matter was argued on September 3, 1999, and both sides submitted briefs.

Plaintiff alleges Tauro and Scott have violated § 8.01-40 in their capacity as officers of a corporation by placing an advertisement with plaintiff's name in the Yellow Pages and in their individual capacity by telling or implying to prospective customers plaintiff still worked for the corporation.

Tauro and Scott submit two arguments: (1) Tauro and Scott argue § 8.01-40 is in derogation of the common law. Strict construction of the Statute requires the Court to dismiss Tauro and Scott if it finds they did not "use" the plaintiff's name in contravention of the Statute; and (2) directors are liable for their tortious conduct if and only if they commit a common law tort because statutory torts are limited to their express terms. The Court disagrees.

The Virginia Supreme Court has not addressed whether officers of a corporation that allegedly violated Va. Code Ann. § 8.01-40 can be found personally liable for "using" a plaintiff's name. Defendant refers this Court to

New York's privacy statute, which has been cited by the Virginia Supreme Court as instructive. See *Town & Country Properties, Inc. v. Riggins*, 249 Va. 387, 394, 457 S.E.2d 356 (1995). In a 1988 decision by the New York Supreme Court and affirmed by the appellate court, the New York Supreme Court held that absent allegations a defendant took the picture that violated the privacy act, sold the picture, published the picture or otherwise exercised control over it, a defendant did not "use" a plaintiff's likeness and was not liable for violations of the New York privacy act. *Anderson v. Strong Mem. Hosp.*, 531 N.Y.S.2d 735 (N.Y. Sup. Ct. 1988), *aff'd* 542 N.Y.S.2d 96 (N.Y. App. Div.).

Under New York's interpretation of the term "use," Tauro and Scott may be found liable. In *Anderson v. Strong Mem. Hosp.*, an action was brought against the medical defendants for their role in coaxing the plaintiff to allow himself to be photographed. The photograph was published in a public-interest story by a local newspaper. The medical defendants in *Anderson*, thus, did not exercise control over the placement of the photograph or receive direct economic benefit from its use. In contrast, plaintiff in the present case alleges Tauro and Scott exercised control over the placement of plaintiff's name in the advertisement. Plaintiff also argues the defendants, as owners, derived a direct benefit from the use of plaintiff's name.

This Court also disagrees with Tauro and Scott's second argument. A general principle of corporate law finds corporate officers may be liable jointly and severally with their corporation for obligations arising out of tortious conduct of the officers that subject the corporation to liability. See *Sit-Set, A.G. v. University Jet Exch., Inc.*, 747 F.2d 921 (4th Cir. 1984), citing Restatement (Second) of Agency § 343 (1957); see also *Michie's Jurisprudence*, Corporations, § 191 (1999). Counsel for defendant argues this statement applies only to common law torts, not statutory causes of action. Causes of action in derogation of the common law must be construed according to their express terms. See *Hyman v. Glover*, 232 Va. 140, 143, 348 S.E.2d 269, 271 (1986).

The express terms of this Statute provide that an injured plaintiff may maintain a suit in equity against "the person, firm or corporation so using such person's name ... ." Va. Code Ann. § 8.01-40. The General Assembly is presumed to know the law as the Court has stated it. See *Christensen v. Christensen*, 26 Va. App. 651, 656, 496 S.E.2d 132 (1998), citing *Burns v. Board of Supervisors*, 227 Va. 354, 360, 315 S.E.2d 856 (1984). The Supreme Court has held corporate officers liable for their tortious conduct. See generally, *Miller v. Quarles*, 242 Va. 343, 347, 410 S.E.2d 639 (1991) (Supreme Court found a corporate vice president, acting as an agent of the

corporation, jointly and severally liable for negligent performance of a contract). See also, *Sit-Set, A.G.,* 747 F.2d 921, 929 (Fourth Circuit found a corporate officer jointly and severally liable with the corporation for his fraudulent conduct). The broad language used in the Statute does not indicate the General Assembly desired to alter this tenet of corporate law. Rather, the inconclusive terms of corporation, firm, or person indicate a desire to continue holding an officer liable for tortious conduct.

The demurrer is overruled.