# CIRCUIT COURT OF THE CITY OF RICHMOND

Valerie A. Patel

v.

Noel P. Patel

January 5, 2000

Case No. HH-63-4

BY JUDGE RANDALL G. JOHNSON

In this divorce action, the court must decide whether it has jurisdiction to make an award of equitable distribution. Plaintiff, Valerie A. Patel, claims that jurisdiction exists. Defendant, Noel P. Patel, claims that it does not.

Ms. Patel's bill of complaint was filed on January 24, 1996. In December 1997, the parties submitted an agreed-upon sketch of a decree of divorce. The sketch provided that jurisdiction was retained in order for the court to make a determination of equitable distribution. By letter dated December 10, 1997, the court returned the sketch and told counsel:

> It looks like you are trying to have the court retain jurisdiction in order to hold an equitable distribution hearing. Va. Code § 20-107.3, however, allows such action only when it is "clear[ly] necessary." There has been no such showing here.
>
> Please consult with each other and decide whether you want to (1) have the divorce decree entered and dismiss the case from the docket; (2) schedule an equitable distribution hearing; or (3) schedule a hearing to state why retaining the case for an equitable distribution hearing after granting a divorce is clearly necessary.

In response to the court's letter, the parties scheduled a hearing for December 31, 1997, and a decree of divorce was entered on that date. Again, the sketch submitted by the parties provided that the case would be retained on the docket "to perform the equitable distribution of the property of the parties pursuant to Virginia Code Section 20-107.3, which the parties have agreed shall be an equal (50/50) division." When the sketch was entered as the order of the court, however, the court inserted by hand that the case was being retained "for a period of 60 days." By order entered March 3, 1998, upon "joint motion of the parties that this cause be retained on the docket for an additional period of time for the parties to divide their marital property," the retention of jurisdiction was extended until March 31, 1998.[1] No further orders have been entered.

On December 15, 1999, counsel for Ms. Patel scheduled a "pretrial" hearing to set the procedures and a date for an equitable distribution hearing. When the hearing started, counsel for Dr. Patel objected to any further proceedings in the action, stating that the court had lost jurisdiction when March 31, 1998, passed with no equitable distribution having been awarded and no further extension of the court's retention of jurisdiction having been granted. Claiming surprise, Ms. Patel's counsel asked for time to respond in writing to Dr. Patel's objection, and the court gave the parties time to submit memoranda. After considering the arguments made, the court agrees with Dr. Patel that it no longer has jurisdiction to make an equitable distribution award.

Dr. Patel makes two arguments in asking the court to terminate these proceedings. First, he argues that, since neither of the orders retaining jurisdiction contains an express finding that retention of jurisdiction is clearly necessary, such retention of jurisdiction was improper and violated Va. Code § 20-107.3(A). Second, he argues that, even if the retention of jurisdiction was proper, such retention of jurisdiction terminated when nothing happened before March 31, 1998, the date to which the initial retention of jurisdiction had been extended. The court rejects Dr. Patel's first argument, but agrees with the second.

In making his argument that the initial retention of jurisdiction was improper, Dr. Patel relies on the case of *Christensen v. Christensen*, 26 Va. App. 651, 496 S.E.2d 132 (1998). In that case, the trial court indicated its

---

[1] Although the March 3, 1998, order was entered after sixty days had already passed, it was entered within twenty-one days of the expiration of the original period of retained jurisdiction. Thus, the period of retained jurisdiction was still subject to modification. *See* Rule 1:1 of the Rules of the Supreme Court of Virginia.

intent to enter a decree of divorce and to reserve to the parties their right to equitable distribution. The husband, claiming that entry of a decree of divorce prior to resolution of equitable distribution was not clearly necessary, objected. The trial court responded by saying: "Well, I think it's necessary. I think [wife] wants a divorce, and that might accelerate yours." 26 Va. App. at 654. The trial court then entered a decree of divorce that included a provision that "the parties reserve their right to an equitable distribution of the marital property of the parties pursuant to § 20-107.3 of the Code of Virginia, 1950, as amended."

The Court of Appeals reversed. After discussing the legislative history of § 20-107.3(A), the Court said:

> Under the facts of this case, we hold that the trial court erred in bifurcating the equitable distribution and divorce proceedings. The trial court made no express finding that bifurcation of the proceedings was "*clearly* necessary," *see* Code § 20-107.3(A) (emphasis added), and the record does not support such a finding.

Stating that the divorce decree entered by this court also failed to contain an express finding that retention of jurisdiction was clearly necessary, Dr. Patel argues that this court's retention of jurisdiction was just as improper as the trial court's action in *Christensen*. The court disagrees.

As already noted, the husband in *Christensen* objected to the trial court's reservation of equitable distribution. In response, the trial court specifically found that bifurcation "was necessary." According to the Court of Appeals, however, the trial court did not find that bifurcation was *clearly* necessary. Moreover, the Court of Appeals also held that the record did not support a finding that bifurcation was clearly necessary. Thus, even if the trial court had expressly made such a finding, it would have been reversed. In the case at bar, both parties asked the court to retain jurisdiction for equitable distribution. In response, the court told counsel that no finding of clear necessity had been made and that jurisdiction would not be retained without such a finding. Such a finding was subsequently made.

There is no transcript of the December 31, 1997, hearing. The court specifically recalls, however, that counsel for the parties were able to convince the court that Dr. and Ms. Patel would suffer significant adverse tax consequences if they were not divorced in 1997. Counsel also convinced the court that it would take some time to obtain professional appraisals of Dr. Patel's medical practice, the value of which the parties had agreed to divide evenly. Based on those two facts, the court specifically found that it was

clearly necessary to enter a decree of divorce and to retain jurisdiction of equitable distribution. The fact that such finding was not put into the order does not mean it was not made. Section 20-107.3(A) states that jurisdiction can be retained only if the court *determines* that such action is clearly necessary. There is no requirement that such determination be expressly stated in writing in the decree or elsewhere. And particularly in domestic relations-type matters, the legislature knows how to require that judicial findings be in writing. *See, e.g.*, Va. Code § 20-107.1(F), requiring "written findings and conclusions" in contested cases involving spousal support; Va. Code § 20-108.1(B), requiring "written findings in the order" whenever a court deviates from the child support guidelines set out in § 20-108.2; Va. Code § 20-108.2(A), again requiring the "written findings in the order" referred to in Va. Code § 20-108.1(B). The court holds that the December 31, 1997, order retaining jurisdiction was supported by a factual finding of the court that such retention was clearly necessary, even though that finding was not in writing. Accordingly, the order was proper.

As Dr. Patel points out, however, even if the order was proper, the period during which jurisdiction was retained has now passed, and the case is over. This is true for at least three reasons. First, there is no practical difference between the situation here and the situation that existed in *Wagner v. Shird*, 257 Va. 584, 514 S.E.2d 613 (1999). In *Wagner*, a jury in a personal injury action returned a verdict for plaintiff in the amount of $106,000 on January 6, 1998, and the court entered a final order awarding judgment to plaintiff in the amount of the verdict on that day. Defendant moved for remittitur and a stay of the judgment order while the remittitur motion was being considered. In an order entered January 27, 1998, the court granted defendant's motion to stay the January 6 order. The order granting the stay specifically stated that "the Order of Final Judgment of January 6, 1998, is stayed or suspended for a period of 30 days for argument and decision upon [defendant's] Motion for Remittitur." The court heard argument on the motion for remittitur on February 24, 1998, which was within the thirty-day stay period, and at the conclusion of the hearing orally announced its decision from the bench. The court granted the motion, reducing the jury's verdict to $60,000, but it did not enter a written order of remittitur and final judgment until April 21, 1998, well outside of the 30-day period. The Supreme Court reversed the remittitur and reinstated the original jury verdict:

> [T]he circuit court suspended the January 6th final order within the 21-day period allowed in Rule 1:1 by entering the order of stay on January 27, 1998. Contrary to [defendant's] position, the duration of

the stay was not tied to the court's resolution of the motion for remittitur. Instead, it was expressly limited to "a period of 30 days." Since the court did not enter an additional order within that 30-day period to continue the stay, the January 6th order became final well before April 21, 1998.

257 Va. at 587. The Court noted in a footnote that the trial court also had not entered an order to continue the previous stay during the twenty-one days after the stay ended. *Id.*, n. 1. This is different from what happened here when the court entered the March 3 order. *See* note 1 above.

Here, the court's retention of jurisdiction was also for a time certain: first 60 days and then until March 31, 1998. Moreover, while it is apparent that both parties to this action are equally responsible for not having requested an additional extension on or after March 31 or, as Dr. Patel argues, even if both parties actually agreed to the court's continuing to retain jurisdiction after March 31 even though no further order was entered, that is no more persuasive than the fact that the plaintiff in *Wagner* admitted that she had agreed to continue the stay in that case for an additional 30 days so that the transcript of the hearing could be prepared. 257 Va. at 588. In fact, the trial court had commented during the February 24 hearing that "It had a 30-day time limit within which to have this hearing," *id.*, not 30 days in which to conclude the litigation. Those facts had no impact on the Supreme Court:

> Regardless of any agreement by [plaintiff] to extend the length of the stay or the circuit court's statement about the January 27th order, a court speaks only through its written orders. And, "orders speak as of the day they were entered." Moreover, the parties cannot confer subject matter jurisdiction on the court by agreement.

257 Va. at 588 (citations omitted).

The situation here is no different.

Second, while Va. Code § 20-107.3(A) does not require that the finding of clear necessity be in writing, it does require that the finding be made. Since the court's order retained jurisdiction for 60 days only, later extended to March 31, it is apparent that the court found that it was clearly necessary to retain jurisdiction only for that limited period of time. When that time passed without a further finding that it was clearly necessary to retain jurisdiction any longer, the March 3, 1998, order became final and could only be modified within 21 days after March 31. It was not modified.

Third, as was said by this court in *McCleskey v. Harlfinger*, 36 Va. Cir. 170 (1995), a case in which a plaintiff failed to file an amended motion for judgment in the time allotted after a demurrer was sustained:

Court orders must mean something. If not, the system cannot work. When a court enters an order giving litigants a specified time in which to do something, it should not mean "unless one of the litigants thinks otherwise." While the court does not wish to appear unreasonable, it simply cannot allow one party to unilaterally decide when and when not to adhere to court-ordered time limits.

In the case at bar, both parties asked the court to retain jurisdiction for a period of time and then to extend such retention until March 31, 1998. In addition, both parties apparently failed to do what they were supposed to do during the periods of retained jurisdiction — obtain an appraisal of Dr. Patel's medical practice. Thus, the "unilateral" language of *McCleskey* is not applicable here. Still, court orders must mean something. If jurisdiction was not lost by the court twenty-one days after March 31, the deadline set out in the March 3 order means absolutely nothing. If parties to litigation, whether unilaterally or in concert, can simply ignore deadlines imposed by courts for filing pleadings and bringing matters on for hearing, such court-imposed deadlines may as well not exist. The court refuses to ratify such a notion. By specifically stating that jurisdiction was retained to a date certain, the court was necessarily saying that after that date, jurisdiction would no longer exist. The parties knew that. Why else did they ask the court to enter the March 3 order extending the first retention of jurisdiction? Once the extension ended, the court lost jurisdiction over the issue of equitable distribution. It cannot now be revived.