COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Clements and Senior Judge Bray


IMAD NOURDEEN
                                        MEMORANDUM OPINION[*]
v.    Record No. 2236-02-1                  PER CURIAM
                                          APRIL 15, 2003
PATRICIA C. NOURDEEN


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                   William C. Andrews, III, Judge

            (Mara Medvin Matthews, on brief), for
            appellant.  Appellant submitting on brief.

            No brief for appellee.


    Imad Nourdeen (husband) appeals the circuit court's order

making an equitable distribution award to Patricia C. Nourdeen

(wife) and awarding wife attorney's fees.  On appeal, husband

contends the trial court erred by (1) finding it retained

jurisdiction to make the post-final decree equitable distribution

award, (2) finding the issue of attorney's fees was reserved, and

(3) awarding wife attorney's fees.  Upon reviewing the record and

opening brief, we agree the court lacked jurisdiction to make the

equitable distribution award.  However, we also find the issue of

attorney's fees was reserved and that the award was reasonable.

Accordingly, we reverse and dismiss in part and affirm in part.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## Background

The parties married on March 21, 1996. Wife filed her bill of complaint seeking a divorce from husband on March 31, 2000. The court entered the final decree of divorce on March 5, 2002. The final decree stated that "the ORDERS entered herein shall remain in full force and effect unless modified by this final decree of divorce" and that "this matter shall remain on the docket of this Court for such other and further action as may be deemed necessary."

On February 26, 2002, wife moved the court for "1. One-half the 1999 Federal and State Income Tax refund check [and] 2. Attorney's fees and Court costs expended in bringing this matter before the Court." On April 18, 2002, forty days after the entry of the final decree, the court heard wife's motion. The court entered its order awarding wife one half of the 1999 tax refund and $10,000 in attorney's fees on August 7, 2002.

## Analysis

### I.

Code § 20-107.3(A) authorizes a trial judge to enter a divorce while retaining jurisdiction to adjudicate equitable distribution. In relevant part, it provides as follows:

> Upon decreeing the dissolution of a
> marriage, and also upon decreeing a divorce
> from the bond of matrimony, . . . [t]he
> court, on the motion of either party, may
> retain jurisdiction in the final decree of
> divorce to adjudicate the remedy provided by
> this section when the court determines that

-

> such action is clearly necessary, and all decrees heretofore entered retaining such jurisdiction are validated.

Code § 20-107.3(A). Nothing in the statute requires a trial judge to grant every motion for bifurcation. Indeed, "the trial [judge] must make a specific finding of clear necessity for granting the divorce while retaining jurisdiction to decide equitable distribution issues." Christensen v. Christensen, 26 Va. App. 651, 655, 496 S.E.2d 132, 134 (1998). The trial court made no express finding that bifurcation of the proceedings was "clearly necessary." See Code § 20-107.3(A).

The language in the decree that "this matter shall remain on the docket of this Court for such other and further action as may be deemed necessary," did not retain jurisdiction over the case. It not only failed to specifically reserve jurisdiction to adjudicate equitable distribution but it also did not comply with the clear necessity provision of Code § 20-107.3(A). Therefore, the court's equitable distribution award to wife is reversed and dismissed.

II.

Husband further argues the trial court lacked jurisdiction to award wife attorney's fees. He compares the reservation of attorney's fees to the reservation of jurisdiction to adjudicate equitable jurisdiction and asserts that because the trial court did not make a finding of "clear necessity," it failed to retain jurisdiction to award attorney's fees.

-

This argument lacks merit.  The reservation of equitable distribution is strictly controlled by statute.  Appellant provides no authority to support his position.  The trial court has inherent equity power to reserve jurisdiction over attorney's fees in a divorce decree.  See Morris v. Morris, 3 Va. App. 303, 306, 349 S.E.2d 661, 662-63 (1986).

The final decree clearly reserved the issue of attorney's fees by ordering that all previous orders shall remain in full force and effect.  The court's visitation order, entered November 5, 2001, reserved attorney's fees.  The notice for that hearing specifically requested attorney's fees and costs "expended throughout the divorce case."  The court reserved the issue of attorney's fees.

### III.

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances.  See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Husband implies a portion of the attorney fee award covered expenses incurred during the equitable distribution dispute.  However, the record reveals the legal expenses list submitted by wife included only expenses incurred before the equitable

-

distribution hearing.  The total attorney's fees claimed by wife were $14,889.40.  The court awarded wife $10,000 for attorney's fees.

Appellant admits the divorce was "a contentious and lengthy action."  The trial judge was aware of the scope of the case and the circumstances surrounding it.  "Although we would prefer to see an accounting of the time expended and services rendered documented in the record, we cannot say that the [trial court] abused [its] discretion in fixing the fee at [$10,000]."  Davis v. Davis, 8 Va. App. 12, 18, 377 S.E.2d 640, 643 (1989).

The burden is on the appellant to present a sufficient record from which we may determine that the claimed error has occurred.  See Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc).  Husband has failed to present any record demonstrating the attorney's fees awarded were excessive, unfounded, or unreasonable.  Based on the complexity of the case and the respective abilities of the parties to pay, the award was reasonable and the trial court did not abuse its discretion in its attorney's fees award.

Accordingly, we reverse and dismiss the equitable distribution award and affirm the trial court's award of attorney's fees.

Reversed and dismissed in part,
affirmed in part.

-