COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Kelsey and Senior Judge Hodges


JODI LYNN CASE

MEMORANDUM OPINION[*]

v.        Record No. 0142-04-1                        PER CURIAM
                                                      MAY 25, 2004

JAMES SAMUEL CASE


FROM THE CIRCUIT COURT OF YORK COUNTY
N. Prentis Smiley, Jr., Judge

(Karen M. Vannan; Lasris & Vannan, P.C., on brief), for appellant.

(Philip A. Liebman, on brief), for appellee.


Jodi Lynn Case appeals the trial court's final decree awarding her husband, James Samuel Case, a divorce. On appeal, wife contends the trial court erred by (a) entering the final decree without reserving jurisdiction for a later spousal support award, (b) refusing to bifurcate the proceedings to address equitable distribution issues after entry of the divorce decree, and (c) awarding to her husband permanent custody of their son. Husband contests each of these assertions and requests an award of attorney's fees on appeal.

Upon reviewing the record and briefs, we summarily affirm the decision of the trial court pursuant to Rule 5A:27 and deny husband's request for an award of appellate fees.

I.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties married on September 27, 1986. One child was born of the marriage in 1997. The parties separated in January 2001; husband filed for divorce a year later. In his bill of complaint, husband asked that wife be denied spousal support. Wife requested *pendente lite* support but did not request permanent spousal support in her answer and cross-bill. Wife failed to comply with the trial court's orders requiring her to timely "submit § 20-124.3 Proffers." During the course of the litigation, wife's counsel withdrew. Wife did not retain new counsel until the day before the entry of the final decree, at which time she moved the court for a continuance.

## II.

### (a) *Reservation of Jurisdiction for Spousal Support*

Wife argues that by denying her continuance motion, the trial court improperly denied her the opportunity to request a reservation of jurisdiction for a future spousal support award. We disagree.

Wife's motion asserted that a continuance should be granted because, among other things, "the final decree, as drafted, would serve to terminate [wife's] right to spousal support, *which she has requested.*" (Emphasis added). In fact, however, wife had not made a request for permanent spousal support. Nor had she filed any pleading or motion expressly requesting a reservation of jurisdiction for a future spousal support award.

"Fundamental rules of pleading provide that no court can base its judgment or decree upon a right which has not been pleaded and claimed." Boyd v. Boyd, 2 Va. App. 16, 18, 340 S.E.2d 578, 580 (1986). While we noted in Reid v. Reid, 24 Va. App. 146, 149, 480 S.E.2d 771, 772 (1997), that "Code § 20-79(b) confers jurisdiction upon a trial court adjudicating a divorce to 'provide in its decree for the . . . support and maintenance [of] the spouse,' upon the 'requests' of 'either party to the proceedings,'" we held that in a divorce proceeding the relief being sought

must be "'specifically pled.'" Id. at 150, 480 S.E.2d at 773 (citation omitted). Similarly, we have held that Code § 20-107.1 "grants to the divorce court the power to award maintenance and support, but [that] the exercise of such power remains dependent upon the pleadings having raised the issue." Boyd, 2 Va. App. at 19, 340 S.E.2d at 580; see also Fleming v. Fleming, 32 Va. App. 822, 826, 531 S.E.2d 38, 40 (2000) (reversing an award of "spousal support [where] the pleadings contained no request for it").

Wife correctly notes that we have "held that where there is no bar to the right of spousal support 'it is reversible error for the trial court, upon request of either party, to fail to make a reservation in the decree of the right to receive spousal support in the event of a change of circumstances,' even though, at the time of the decree, neither party needed support." Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (quoting Bacon v. Bacon, 3 Va. App. 484, 491, 351 S.E.2d 37, 41 (1986)). That unremarkable proposition, however, presupposes that the party seeking such relief has expressly requested it.

We agree with the trial court that wife's continuance motion did not constitute an express request for an award of permanent spousal support or a reservation of jurisdiction to make such an award in the future. Wife's continuance motion — filed a day before the final hearing, by an attorney who failed to attend that hearing, in a case pending for over two years — was no doubt motivated by a desire to postpone the proceedings to later seek the appropriate relief. But the continuance motion was not itself a *specific claim for relief* beyond the mere request for a postponement. Having exercised its discretion to deny the continuance, the trial court had no obligation to go further and specifically rule on the motivations underlying the request for a continuance as if they were discrete claims for relief. The only relief requested was a continuance. Whether to grant a continuance is "a matter that lies within the sound discretion of a trial court," Carter v. Commonwealth, 39 Va. App. 735, 744, 576 S.E.2d 773, 777 (2003)

- 3 -

(citation omitted), and subject to reversal only when the trial court abuses its discretion. None has been shown here.

### (b) *Bifurcated Equitable Distribution*

Wife next contends that the court erred by entering the final decree "without granting [her] the right to request equitable distribution of marital property." We disagree.

Bifurcating a proceeding to address equitable distribution following the entry of a divorce decree is not a matter of right, but rather an exercise of the trial court's discretion. It should be done only when "clearly necessary" to achieve equity. Christensen v. Christensen, 26 Va. App. 651, 655, 496 S.E.2d 132, 134 (1998) (quoting Code § 20-107.3(A)). Wife raised the issue for the first time a day before the entry of the final decree — here again, as one of her proffered motivations for seeking a continuance. She presented no evidence or argument at the *ore tenus* hearing on the subject. For these reasons, wife cannot demonstrate any abuse of discretion by the trial court in failing to bifurcate the proceedings.

### (c) *Permanent Award of Child Custody*

Wife also challenges the sufficiency of the evidence supporting the trial court's child custody determination. Viewing the record in the light most favorable to husband, as we must, we find sufficient evidence to support the chancellor's decision. In its *pendente lite* decree, the trial court awarded physical custody to wife. The court also required both parties to submit proffers on the statutory best-interests factors by March 25, 2002, and, absent a mediated settlement, to participate in a home study conducted by the York-Poquoson Department of Social Services (DSS).

In September 2002, when wife still had not forwarded her proffer, husband filed a show cause petition with the court requesting, among other things, a transfer of physical custody of

their son to him. The court denied the transfer of custody and ordered wife to file her proffer no later than September 27, 2002. On January 27, 2003, when wife still had not filed her proffer, the court transferred temporary physical custody to husband and ordered wife to submit her proffer by February 10, 2003.

Wife did not submit her proffer until March 28, 2003 — over a year late.

Though delayed because of wife's failure to cooperate, DSS filed its final report with the trial court. The report surveyed the DSS investigation, summarized its interviews, and recommended that husband be awarded permanent custody of his son.

When reviewing a court's custody determination, we defer to the trial court's factual findings. "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Joynes v. Payne, 36 Va. App. 401, 416, 551 S.E.2d 10, 17 (2001) (citation omitted). In making a custody determination, the court must consider the statutory factors outlined in Code § 20-124.3. Nothing in the record proves wife's assertion on appeal that the trial court failed to consider these factors. Nor has wife shown any factual basis for challenging the trial court's decision to accept the DSS recommendation.

We also disagree with wife's assertion that the trial court's action was impermissible "punishment" for her procedural defaults. One of the factors the trial court should consider is "the ability of each parent to cooperate in and resolve disputes regarding matters affecting the child." Code § 20-124.3(7). The trial court reasonably inferred that wife's year-long delay in submitting her proffer was indicative of an inability on her part to cooperate in "matters affecting the child." Considered in this context, the fact of wife's refusal to make a timely proffer and her failure to cooperate with the DSS investigation were permissible circumstances for the trial court to take into account.

(d) *Husband's Request for Appellate Fees*

Husband requests costs and attorney's fees on appeal. We have explained the rationale for an award this way:

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). While lacking in merit, we do not believe wife's arguments are so unreasonable as to warrant the imposition of appellate fees and costs.

Affirmed.