COURT OF APPEALS OF VIRGINIA

Present:    Judges Benton, Elder and Frank
Argued at Chesapeake, Virginia


PAMELA A. SPRIGGS

                                                          OPINION BY
v.        Record Nos. 2924-03-1 and          JUDGE JAMES W. BENTON, JR.
              2925-03-1                              AUGUST 3, 2004

DARRELL SPRIGGS


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          Wilford Taylor, Judge

          Brian D. Lytle (Amanda A. Smith; Lytle Law, on brief), for
          appellant.

          No brief or argument for appellee.


        The trial judge ruled that the circuit court did not retain jurisdiction to decree as to the

property of the parties because the record did not disclose that bifurcating the divorce proceedings

was "clearly necessary," as provided by Code § 20-107.3.  Pamela A. Spriggs contends that the

express terms of the divorce decree, which provides that the court retains jurisdiction, controls.  We

hold that the trial judge erred, and we reverse the orders and remand for further proceedings.

                                             I.

        The evidence proved that on June 30, 1997 a judge of the circuit court entered a divorce

decree, terminating the marriage between Pamela A. Spriggs and Darrell Spriggs.  As requested by

the wife's amended bill of complaint, the divorce decree "ADJUDGED, ORDERED, and

DECREED that the Court doth reserve to the [wife], equitable distribution rights to marital assets of

the parties and permanent spousal support for the [wife]."  The husband did not object to the divorce

decree and did not appeal after the judge entered the decree.

Six years later, the trial judge reinstated the proceeding on the docket upon the wife's motion. When the wife filed a "motion for equitable division of marital assets," the husband responded, in part, "that the Decree was not entered in conformity with the statute applicable to such proceedings and, therefore, the [wife] is not entitled to equitable distribution." Supporting these pleadings, the parties filed memoranda and later argued the issues. At the conclusion of the hearing, the trial judge found to be persuasive the husband's argument that Christensen v. Christensen, 26 Va. App. 651, 496 S.E.2d 132 (1998), requires the divorce decree to contain "a finding that [bifurcation] is clearly necessary," and the trial judge ruled that the divorce decree "has to be very specific as to why we need to bifurcate [the proceeding] in light of [the] overall policy of resolving disputes." On this basis, the trial judge denied the wife's motion seeking a decree as to the property of the parties. The wife appeals.

II.

Our decision in Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 404 S.E.2d 388 (1991), is dispositive of the issue in this case. There, a trial judge entered a divorce decree, "retained the matter on the docket and 'reserved' the issues of equitable distribution." Id. at 383, 404 S.E.2d at 389. The husband "did not object to or appeal the decree of divorce or the ruling in the decree which deferred adjudication of the equitable distribution issues." Id. at 383, 404 S.E.2d at 389-90. We held that when the trial judge failed to make the finding that the action "is clearly necessary," as required by Code § 20-107.3, and "erroneously ruled to retain equitable distribution jurisdiction after granting a final divorce, the ruling is voidable and subject to challenge on direct appeal." Id. at 389, 404 S.E.2d at 392-93. We further held that because the husband failed to appeal "a ruling which the [judge] had the power to make . . . [, the judge] validly retained jurisdiction to adjudicate equitable distribution." Id. at 390, 404 S.E.2d at 393.

As in Erickson-Dickson, the divorce decree in this case was not void. Thus, the husband's challenge in this case to the propriety of the judge's decision "to retain equitable distribution jurisdiction after granting a final divorce . . . [was proper only] on direct appeal." 12 Va. App. at 389, 404 S.E.2d at 392-93. However, when the divorce decree was entered in 1997, neither party challenged its verity by objecting or appealing. "Under such circumstances, the decree became and remains the law of the case." Walt Robbins, Inc. v. Damon Corp., 232 Va. 43, 49, 348 S.E.2d 223, 228 (1986). See Norris v. Mitchell, 255 Va. 235, 240, 495 S.E.2d 809, 812 (1998) (holding that when an unappealed decree becomes "the final order . . . and the law of this case . . . , we treat the order as correctly entered"); Hastie v. Hastie, 29 Va. App. 776, 782, 514 S.E.2d 800, 804 (1999) (holding that "because wife did not appeal the trial court's divorce decree as it related to [the matter at] issue, the decree became a final order and the law of this case not subject to later modifications").

Our decision in Christensen was based on a procedural posture different than this case because Christensen involved a *direct appeal* from the divorce decree. This procedural fact is significant because the judge's erroneous ruling in Christensen was subject to correction on appeal. Indeed, we noted that the trial judge "made no express finding that bifurcation of the proceedings was '*clearly* necessary' [as required by] Code § 20-107.3(A) . . . and the record [did] not support such a finding." 26 Va. App. at 655, 496 S.E.2d at 134. Thus, while reaffirming the import of our holding in Erickson-Dickson, see 26 Va. App. at 656, 496 S.E.2d at 134, we held that the judge's error in Christensen did not cause to be void or voidable "the decree dissolving the bond of matrimony between the parties." Id. at 657, 496 S.E.2d at 134. Simply put, we recognized the bifurcation error, but we refused to set aside the divorce decree, which was the only relief the appellant sought in Christensen. Id.

For these reasons, we hold that the trial judge erred in ruling that the portion of the divorce decree, which provides that the court retained jurisdiction to decree as to the property of the parties and which was not appealed, was rendered invalid and unenforceable by the absence of language in the divorce decree finding that bifurcation was necessary. The provision of the divorce decree reserving jurisdiction for the judge to adjudicate as to the property is a verity and is the law of the case. Accordingly, we reverse the orders and remand for further proceedings.

<u>Reversed and remanded</u>.