COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Overton
Argued at Chesapeake, Virginia


RODDY N. PORTER

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1208-04-1                    JUDGE NELSON T. OVERTON
                                                        DECEMBER 21, 2004
BRENDA J. MARTIN


             FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                              David F. Pugh, Judge

             Roy H. Lasris (Lasris & Vannan, P.C., on brief), for appellant.

             (Theophlise L. Twitty, on brief), for appellee.  Appellee submitting
             on brief.


        Roddy N. Porter (husband) appeals from the trial court's April 21, 2004 equitable

distribution decree.  On appeal, husband contends the statement in the March 20, 2002 final decree,

awarding Brenda J. Martin (wife) a divorce, announcing "that equitable distribution be reserved,"

without more, was insufficient to retain equitable distribution jurisdiction.

        For reasons that follow, we disagree and affirm the court's order.

                                    BACKGROUND

        The parties married on June 27, 1984 and separated on September 8, 2000.  Wife filed a bill

of complaint on September 27, 2001, seeking a divorce *a vinculo matrimonii* on the ground that the

parties had lived separate and apart for one year.  Among her prayers for relief was a request for

equitable distribution of the parties' marital estate.  Husband did not file an answer or objections.

The court entered the final decree on March 20, 2002.  The only reference in the order concerning

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the issue of equitable distribution was as follows: "ORDERED that equitable distribution be reserved in the above styled matter." Husband did not object to the entry of the final decree and did not appeal that order.

Some time thereafter, wife sought appointment of a commissioner to conduct equitable distribution proceedings. Husband sought to terminate the proceedings on the basis that the court lacked jurisdiction, filing a motion to vacate on March 25, 2003. The trial court denied husband's motion to vacate and entered an equitable distribution award on April 21, 2004.

ANALYSIS

Code § 20-107.3 provides, in pertinent part, as follows:

> The court, on the motion of either party, may retain jurisdiction in the final decree of divorce to adjudicate the remedy provided by this section *when the court determines that such action is clearly necessary*, and all decrees heretofore entered retaining such jurisdiction are validated.

(Emphasis added). Because the court did not explicitly make a determination of clear necessity, husband reasons, it failed to preserve its jurisdiction to make an equitable distribution award.

Husband correctly notes that the statute clearly authorizes bifurcation of the divorce issue and equitable distribution of marital property "only when the court determines that such action is clearly necessary because of the complexities of the parties' property interests." Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 386, 404 S.E.2d 388, 391 (1991). Otherwise, the divorce issues and equitable distribution determinations are to be adjudicated contemporaneously. See id.

In a case with similar facts, we recently noted as follows:

> Our decision in Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 404 S.E.2d 388 (1991), is dispositive of the issue in this case. There, a trial judge entered a divorce decree, "retained the matter on the docket and 'reserved' the issues of equitable distribution." Id. at 383, 404 S.E.2d at 389. The husband "did not object to or appeal the decree of divorce or the ruling in the decree

- 2 -

which deferred adjudication of the equitable distribution issues." Id. at 383, 404 S.E.2d at 389-90. We held that when the trial judge failed to make the finding that the action "is clearly necessary," as required by Code § 20-107.3, and "erroneously ruled to retain equitable distribution jurisdiction after granting a final divorce, the ruling is voidable and subject to challenge on direct appeal." Id. at 389, 404 S.E.2d at 392-93. We further held that because the husband failed to appeal "a ruling which the [judge] had the power to make . . . [, the judge] validly retained jurisdiction to adjudicate equitable distribution." Id. at 390, 404 S.E.2d at 393.

Spriggs v. Spriggs, 43 Va. App. 510, 512, 600 S.E.2d 136, 137 (2004). Likewise, in this case, husband failed to challenge the divorce decree or the ruling in the decree which deferred adjudication of the equitable distribution issues. "Under such circumstances, the decree became and remains the law of the case." Walt Robbins, Inc. v. Damon Corp., 232 Va. 43, 49, 348 S.E.2d 223, 228 (1986).

Husband's reliance on Christensen v. Christensen, 26 Va. App. 651, 496 S.E.2d 132 (1998), is misplaced. As noted in Spriggs:

Our decision in Christensen was based on a procedural posture different than this case because Christensen involved a *direct appeal* from the divorce decree. This procedural fact is significant because the judge's erroneous ruling in Christensen was subject to correction on appeal. Indeed, we noted that the trial judge "made no express finding that bifurcation of the proceedings was '*clearly* necessary' [as required by] Code § 20-107.3(A) . . . and the record [did] not support such a finding." 26 Va. App. at 655, 496 S.E.2d at 134. Thus, while reaffirming the import of our holding in Erickson-Dickson, see 26 Va. App. at 656, 496 S.E.2d at 134, we held that the judge's error in Christensen did not cause to be void or voidable "the decree dissolving the bond of matrimony between the parties." Id. at 657, 496 S.E.2d at 134. Simply put, we recognized the bifurcation error, but we refused to set aside the divorce decree, which was the only relief the appellant sought in Christensen. Id.

Spriggs, 43 Va. App. at 513, 600 S.E.2d at 137.

As in Erickson-Dickson, husband

did not object to the trial court's ruling to retain jurisdiction until after the decree granting a divorce and bifurcating the equitable

> distribution issue had been entered.  His objection came too late;
> the ruling to retain jurisdiction, although based upon erroneous
> findings that the parties had jointly made a motion to do so and
> that a clear necessity existed because the property interests were
> complex, was nevertheless, a ruling which the court had the power
> to make.

Erickson-Dickson, 12 Va. App. at 389-90, 404 S.E.2d at 393.  Similarly, the trial court in this

case, while failing to include a finding of clear necessity in the record, had the power to retain

jurisdiction to make an equitable distribution award.  Husband's failure to timely object to the

entry of the order retaining jurisdiction prevents him from now challenging the court's erroneous

ruling.  Accordingly, we find the trial court validly retained jurisdiction to adjudicate equitable

distribution, and we affirm its decree doing so.

Affirmed.