COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Huff and Senior Judge Clements


KIMBERLY D. SMITH

                                                    MEMORANDUM OPINION[*]
v.      Record No. 1953-11-2                               PER CURIAM
                                                          MARCH 6, 2012
WILLIAM S. H. SMITH


                     FROM THE CIRCUIT COURT OF HANOVER COUNTY
                              J. Overton Harris, Judge

               (Robert S. Ganey, on brief), for appellant.

               No brief for appellee.


       Kimberly D. Smith (wife) appeals an equitable distribution and spousal support ruling.

Wife argues that the trial court erred by (1) not considering the factors which William S. H. Smith

(husband) caused to lead to the breakup of the marriage; (2) not awarding spousal support to wife;

(3) not awarding equitable distribution to wife; (4) not awarding a portion of husband's retirement

to wife; and (5) not awarding personal property and horses to wife.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

                                     BACKGROUND

       Husband and wife married on October 25, 2001 and separated on August 25, 2006.  On

May 12, 2011, the trial court entered a final decree of divorce, granting husband a divorce based

on the parties living separate and apart for more than one year.  The issues of equitable

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

distribution, spousal support, and attorney's fees and costs were "reserved to be heard on June 29, 2011."[1]

After hearing from the parties regarding the issues of equitable distribution, spousal support, and attorney's fees, the trial court entered a decree on July 8, 2011. The trial court denied wife's motions for equitable distribution and spousal support. Specifically, the trial court held that there was "no marital property remaining to be distributed by the court" and that "neither party has the earning capacity to pay spousal support to the other party." Furthermore, the trial court held that wife was entitled to the separate property that she brought into the marriage and ordered husband to transfer any items that she had at his home to her. Both parties' requests for attorney's fees were denied. Wife signed the decree as "Seen and objected to." This appeal followed.

ANALYSIS

Code § 20-107.3(E) factors – Issue 1

Wife argues that the trial court erred by not considering the cause of the dissolution of the marriage for purposes of equitable distribution.

Code § 20-107.3(E) lists the factors that a trial court shall consider in awarding equitable distribution. One of the factors for the trial court to consider is "[t]he circumstances and factors which contributed to the dissolution of the marriage, specifically including any ground for divorce under the provisions of subdivisions (1), (3) or (6) of § 20-91 or § 20-95." Code § 20-107.3(E)(5).

---

[1] Neither party objected to the bifurcation of the issues and the manner in which the trial court bifurcated the case, despite the fact that the final decree does not indicate that the bifurcation was "clearly necessary" as required by Code § 20-107.3(A). See Spriggs v. Spriggs, 43 Va. App. 510, 600 S.E.2d 136 (2004); Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 404 S.E.2d 388 (1991).

Wife failed to argue how the cause of the breakup of the marriage would affect the equitable distribution award. In her brief, she simply cited Code § 20-107.3(E)(5) and included a quotation from a case, with no further explanation. "Since this argument was not fully developed in the appellant's brief, we need not address this question." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (citing Rogers v. Rogers, 170 Va. 417, 421, 196 S.E. 586, 588 (1938)).

Moreover, the decree indicates that the trial court considered the factors of Code § 20-107.3 and states that "the ground for divorce was § 20-91(9) of the Code of Virginia." Furthermore, it states the ages of the parties, their physical and mental conditions, the standard of living during the marriage, the duration of the marriage, and the fact that both "contributed significantly monetarily and non-monetarily to the well-being of the family."

"We recognize that a trial court has broad discretion in the consideration it gives to the statutory factors in fashioning an equitable monetary award." Marion v. Marion, 11 Va. App. 659, 663, 401 S.E.2d 432, 435 (1991). "A trial court, when considering these factors [Code § 20-107.3(E) factors], is not required to quantify the weight given to each, nor is it required to weigh each factor equally, though its considerations must be supported by the evidence." Id. at 664, 401 S.E.2d at 436 (citing Booth v. Booth, 7 Va. App. 22, 28, 371 S.E.2d 569, 573 (1988)).

Here, the record proves that the trial court considered the factors in Code § 20-107.3(E) in denying wife's request for equitable distribution.

<u>Rule 5A:18 – Issues 2-5</u>

Wife's remaining issues regarding equitable distribution and spousal support were not preserved pursuant to Rule 5A:18.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

Wife signed the final order as "Seen and objected to." She did not specify her objections. A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc). The two statements of facts do not indicate that any objections were made to the relevant trial court rulings. Therefore, the trial court's rulings are affirmed.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.