COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Fitzpatrick and Annunziata
Argued at Salem, Virginia


LILLIAN H. JOHNSON
                                              OPINION BY
v.        Record No. 3102-96-3    CHIEF JUDGE NORMAN K. MOON
                                           AUGUST 5, 1997
EDGAR D. JOHNSON


            FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                    Charles H. Smith, Jr., Judge


            Timothy W. Barbrow (Gwyn & Tate, on brief),
            for appellant.

            Ralph M. Dillow, Jr. (Dillow & Esposito, on
            brief), for appellee.


     Lillian H. Johnson ("wife") appeals the judgment of the

circuit court deciding matters of equitable distribution and

spousal support.  Wife asserts that the trial court: (1) abused

its discretion in dividing the parties' intangible marital

personal property; (2) erred in determining the amount of spousal

support to be paid to wife; and (3) erred in limiting the

duration of the spousal support award to thirty-six months.

     We hold that the trial court erred in making the equitable

distribution award and accordingly, we reverse and remand for

reconsideration of the award consistent with this opinion.

Because we reverse the equitable distribution award, we also

remand for reconsideration of the spousal support award.

     Wife and Edgar Johnson ("husband") were married on October

11, 1964.  The parties have one child who was twenty-four years

old at the time of parties' divorce.  When the parties married, husband was serving in the United States Navy.  In 1968, he was hired by the Virginia State Police and has been employed as a state trooper since that time.  Wife left her work as an employee at a sewing factory when the parties married and did not re-enter the work force until 1976.  At that time, wife began working part-time as a school bus driver, driving a bus four hours a day.  Wife continued to work as a school bus driver throughout the course of the parties' marriage and also worked part-time for K-Mart for a brief period.

The parties' marital assets consisted of their residence valued at $150,000, with equity of approximately $110,000, and various investments and retirement benefits.  These interests included three hundred shares of Wal-Mart stock valued at $6,300, a Virginia Credit Union account with a balance of $2,600, a deferred compensation account in the husband's name with a balance of $12,111.12, a deferred compensation account in wife's name with a balance of $1,703.45, an individual retirement account in the husband's name with a balance of $5,127.96, an individual retirement account in wife's name with a balance of $2,315, and a life insurance policy with a cash value of $4,696.28.  The marital assets also included husband's state police pension benefits.

Husband asserted his pension's value to be $46,830.09, based on the cash surrender value of his pension if he withdrew all contributions and interest from his pension fund before

retirement. No evidence was presented that the funds were to be withdrawn at or near the time of the hearing. Wife, however, argued that the pension was worth $510,539.22. This sum was determined by multiplying husband's estimated monthly pension benefit of $1,765.35, constituting husband's vested benefit amount if he were to retire at the time of the parties' divorce, by husband's remaining 24.1 year life expectancy as provided by Code § 8.01-419. The $510,539.22 value did not reflect discounting to present value.

The parties separated on October 21, 1993, allegedly because husband became physically abusive. Wife sought and was granted a protective order by the juvenile and domestic relations court and was granted exclusive occupation of the marital residence. The court also ordered husband to pay pendente lite spousal support in the amount of $1,500 a month. On the basis of their twelve month separation, the parties obtained a final decree of divorce on November 13, 1996. Both wife and husband were fifty-one years old at the time of the divorce and were in good health. The trial court ordered an equal division of all tangible personal and real property. The court awarded each party one-half of the Wal-Mart stock, Virginia Credit Union account, and the cash value of the life insurance policy. The court further ordered that the parties were to retain their respective individual retirement accounts, deferred compensation accounts, and retirement benefits. As part of the equitable distribution award, the court also ordered husband to pay wife

the sum of $15,000 in order to "balance the equities."

The court vacated the pendente lite spousal support of $1,500 and ordered husband to pay spousal support in the amount of $400 a month for a period of thirty-six months or until wife's death or remarriage, "whichever first occurs."

### Pension Benefits

The trial court's letter opinion of October 4, 1996, provided the following distribution of the parties' intangible personal property:

> The intangible personal property consists of Wal-Mart stock, a Virginia Credit Union account of [husband's], a deferred compensation account of [husband's], the parties' respective IRA's, cash value in Mr. Johnson's life insurance policy, and the parties' respective retirement accounts with their respective employers.

(Emphasis added). After ordering the division of all assets except the "parties' respective retirement accounts," the trial court provided that "[t]he court will allocate [wife's] retirement benefits 100% to her. The court will allocate [husband's] retirement benefits 100% to him." The court's final order incorporated its letter opinion and made no additional reference to retirement benefits.

The trial court listed the parties' respective IRAs and deferred compensation accounts in addition to "the parties' retirement accounts with their respective employers," and distributed each of these interests. However, we find no evidence in the record that wife had a "retirement account" with

her employer.  To the contrary, husband testified that while wife had an IRA and a deferred compensation account, he was not aware of wife having any form of pension.  Accordingly, because the award was based upon the erroneous premise that wife had retirement benefits, we reverse and remand for reconsideration of the award.

Upon reconsideration of the equitable distribution award, particularly regarding husband's pension benefits, we make the following observations.

In considering valuation of the marital estate, we have held that Code § 20-107.3 "`mandates' that trial courts determine the ownership and value of all real and personal property of the parties."  Nevertheless, "consistent with established Virginia jurisprudence, the litigants have the burden to present evidence sufficient for the court to discharge its duty."  Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987).

Here, the parties introduced minimal credible evidence regarding the value of husband's pension, rendering it virtually impossible for the trial court to evaluate it effectively.  The husband's value was grossly understated and the wife's claimed value was grossly overstated.  The only evidence introduced by husband regarding the value of his pension was husband's exhibit number 6, a "Member Benefit Profile" produced by the Virginia Retirement System ("VRS"), prepared for husband on June 30, 1994.  The VRS profile reported husband's vested benefits and indicated that should husband choose to retire at age fifty-one, his

monthly benefit would be $1,765.35, and if he retired at age sixty, his monthly benefit would be $2,414.89. The VRS profile indicated that these amounts did not include the "law enforcement supplement" and no additional evidence was presented indicating the amount or value of such supplement. The VRS profile also reported that if husband terminated employment before retirement, he was entitled to withdraw his contributions to the plan, with interest. At the time the VRS profile was prepared this sum amounted to $46,830.09, the value assigned by husband to his pension benefits.

While no evidence other than the VRS profile was introduced regarding the value of husband's pension benefits, the profile was sufficient to establish that the pension benefits had value well in excess of $46,830.09. Husband's vested monthly benefit, had he retired at age fifty-one, paid out to him over the course of his remaining life expectancy of 24.1 years, as determined by Code § 8.01-419, would result in income to him of $510,539.22.

We have previously held that a court is not required to place a present value on pension benefits if the court orders deferred distribution of the benefit, using the formula set out in Code § 20-107.3(G)(1). Indeed, to order deferred distribution based on present value, is error. Zipf v. Zipf, 8 Va. App. 387, 382 S.E.2d 263 (1989). However, where an award of the entire pension is made to the owning spouse at the time of the divorce, the court must determine the present value of the pension fund before such an award can be made. See Brett R. Turner, Equitable

Distribution of Property § 6:12 (2d ed. 1994).  The present value
of a defined benefit plan, such as the plan before the court, is
not simply the total value of the contributions of the
beneficiary at the time of the hearing.  Turner, § 6:12 at 368,
374.  Such a method would reach "inaccurate results, because it
does not recognize the fact that contributions appreciate in
value after they are made."  Id. at 374.  Instead, a multiple
step process is required to determine the present value,
including a determination of future benefits and the application
of various discount factors.  Id. at 368-71.  The party
suggesting such an award, must provide proof of value.  Where, as
here, the evidence renders a precise determination of a pension's
value practically impossible an award of pension benefits to a
payee spouse, as those benefits are received by the payor spouse,
as permitted by Code § 20-107.3(G)(1), may prove the only
equitable method of considering the pension benefits in making an
award.  See Rowe v. Rowe, 24 Va. 123, 143, 480 S.E.2d 760, 769
(1997).

Spousal Support

Because the equitable distribution award must be
redetermined, the spousal support award must also be
redetermined.  Recognizing that some of the issues presented in
this appeal may arise upon rehearing, we make the following
comment.

Here, the record establishes that the parties were married
for nearly thirty years.  During that time husband was employed

- 7 -

full time as a state trooper, while wife worked as a homemaker, mother, and for more than twenty years, as a part-time bus driver. At the time of the parties' divorce, wife earned approximately $9,600 a year while husband earned $48,899 a year. The record also established that wife possessed an associates degree from a community college, was fifty-one years of age, and was in good health. Wife also introduced evidence of monthly expenses in the amount of $2,305.83. While $581.51 of these expenses were attributable to the mortgage payment which wife would not continue to incur, wife would have to acquire additional housing and thereby incur some significant expense in the form of rent or mortgage payments.

Based on the evidence presented, wife's monthly income of $800, combined with $400 of monthly spousal support, would not be sufficient to sustain her standard of living or to enable her to meet her monthly expenses. Further, the evidence did not support a finding that wife, at age fifty-one, with an associates degree and no work experience other than driving a school bus, was likely in the immediate or reasonably foreseeable future to acquire a position with substantially greater compensation.

Upon remand and upon the evidence presented, it would be error for the court to limit the award of spousal support to a thirty-six month period. Code § 20-107.1 provides that "[t]he court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments, or in lump sum award, or both." Code § 20-107.1 does not empower the trial court to

- 8 -

award periodic payments for a limited period without evidence that the need for support will cease within the immediate or reasonably foreseeable future.  <u>Thomas v. Thomas</u>, 217 Va. 502, 229 S.E.2d 887 (1976).

<u>Reversed and remanded.</u>