COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Senior Judge Overton


RUTH P. HOY, N/K/A
 RUTH E. PEARCE
                                              OPINION
v.    Record No. 1447-98-1                    PER CURIAM
                                           FEBRUARY 2, 1999
FRANKLIN W. HOY, JR.


              FROM THE CIRCUIT COURT OF YORK COUNTY
                   N. Prentis Smiley, Jr., Judge

           (Richard W. Hudgins, on brief), for
           appellant.

           (Vicki Beard, on brief), for appellee.


     Ruth E. Pearce (Pearce) appeals the decision of the circuit

court denying her motion to reinstate and for entry of a proposed

qualified domestic relations order ("QDRO") awarding her $84,000

from the retirement plan of Franklin W. Hoy, Jr. (Hoy).  Pearce

contends that, because the judgment was for unpaid spousal

support, she was entitled under the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C §§ 1001 et seq., to seek

a QDRO allowing her to recover her judgment from Hoy's pension

plan.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule

5A:27.

     Under the provisions of ERISA, "benefits provided under the

plan may not be assigned or alienated."  29 U.S.C. § 1056(d)(1).

 Certain limited exceptions are carved to the anti-alienation

provisions for a "qualified domestic relations order."  See 29

U.S.C. § 1056(d)(3)(A).  Among the requirements for a QDRO are

that the order be

> (ii) . . . any judgment, decree, or order
> (including approval of a property settlement
> agreement) which--
> (I) relates to the provision of child
> support, alimony payments, or marital
> property rights to a spouse, former spouse,
> child, or other dependent of a participant,
> and
> (II) is made pursuant to a State domestic
> relations law (including a community property
> law).

29 U.S.C. § 1056(d)(3)(B)(ii) (emphasis added).

The parties were divorced in 1973, prior to the adoption of

Code § 20-107.3.  In the final decree of divorce, Pearce was

awarded $600 in monthly spousal support.  Pearce was not awarded

any interest in Hoy's retirement plan, which the record indicates

did not exist at the time of the divorce.  In 1985, Pearce

received a judgment in the amount of $84,000 for spousal support

arrearages.  In 1997, Pearce filed a motion seeking to reinstate

the matter for entry of a QDRO allowing garnishment of Hoy's

pension plan as a source for payment of the spousal support

arrearages judgment.

Pearce's motion for entry of a QDRO to allow her to have an

interest in Hoy's pension is an attempt to reopen and modify the

court's final decree of divorce.  That is not allowed under

Virginia law.  See, e.g., Wilson v. Wilson, 25 Va. App. 752, 757,

492 S.E.2d 495, 497 (1997).  Rule 1:1 prohibits modification of

- 2 -

"all final judgments, orders, and decrees" twenty-one days after
the date of entry.  Code § 20-107.3(K)(4) grants the court
continuing jurisdiction to make "any additional orders necessary
to effectuate and enforce any order entered pursuant to this
section," and allows courts to

> [m]odify any order entered in a case filed on
> or after July 1, 1982, intended to affect or
> divide any pension, profit-sharing or
> deferred compensation plan . . . only for the
> purpose of establishing or maintaining the
> order as a qualified domestic relations order
> or to revise or conform its terms so as to
> effectuate the expressed intent of the order.

Code § 20-107.3(K)(4).  However, the parties' final decree of
divorce was entered prior to the effective date of Code
§ 20-107.3(K).  By its express terms, the section does not apply
to orders entered prior to July 1, 1982.

Moreover, "Code § 20-107.3(K)(4) does not empower trial
courts to make substantive modifications . . . in the final
divorce decree . . . ."  Caudle v. Caudle, 18 Va. App. 795, 796,
447 S.E.2d 247, 248-49 (1994).  When entering a QDRO, the court
may not "modify a final divorce decree simply to adjust its terms
in light of the parties' changed circumstances"; the QDRO must be
"consistent with the substantive provisions of the original
decree."  Id. at 798, 447 S.E.2d at 249.  See also Fahey v.
Fahey, 24 Va. App. 254, 256-57, 481 S.E.2d 496, 497 (1997) (en
banc).  "[E]ntry of an order purporting to 'change the substance
of the original order or provide an interest in a pension that
was not provided in the order' would contravene the intent of the

- 3 -

legislature in enacting this code section."  <u>Newsome v. Newsome</u>, 18 Va. App. 22, 26, 441 S.E.2d 346, 348 (1994) (citation omitted).

Under Virginia domestic relations law, Pearce may not recast her claim as a judgment creditor, albeit one that seeks recovery of unpaid spousal support, into a QDRO which substantively modifies the terms of a final divorce decree.  Therefore, under ERISA, the proposed order does not qualify as a QDRO.  The cases appellant cites arise from other jurisdictions and have limited persuasive authority in interpreting Virginia statutory law.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.