COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Senior Judge Hodges


FREDERICK M. SAXTON

                                    MEMORANDUM OPINION*
v.    Record No. 3179-01-1              PER CURIAM
                                      APRIL 30, 2002
SHERRI J. SAXTON


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                   Everett A. Martin, Jr., Judge

          (Michael S. Weisberg; Weisberg & Zaleski,
          P.C., on brief), for appellant.

          (J. Roger Griffin, Jr.; George A. Christie;
          Christie & Kantor, P.C., on brief), for
          appellee.


     By decree dated October 23, 2001, the trial court awarded

Sherri J. Saxton (wife) a divorce a vinculo matrimonii on the

ground of adultery committed by Frederick M. Saxton (husband).  On

appeal, husband contends the trial court erred in:  (1) awarding

the marital residence to wife; (2) holding husband solely

responsible for paying the second mortgage; (3) allotting wife

fifty percent of the "Mainstay" investments and requiring payment

within twelve months; (4) failing to apportion to husband any

tangible personal property in the residence; and (5) requiring

husband to pay attorney's fees and costs.  Upon reviewing the

record and the parties' briefs, we conclude that this appeal is

_____
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

## BACKGROUND

On appeal, "we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below . . . ."  Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992).  So viewed, the evidence proved that the parties were married in 1980.  Two children were born of that marriage, one of whom is still a minor.  The parties separated on December 21, 1998, when husband left the marital residence.  On January 21, 1999, wife filed a bill of complaint seeking a divorce on the ground of, inter alia, adultery.

On July 25, 2000, a commissioner in chancery conducted an ore tenus hearing.  He filed his report on June 12, 2001.  In it, he found by clear and convincing evidence that husband committed adultery with Jeanne Evans, one of his employees, and recommended wife be granted a divorce on that basis.  The commissioner further recommended that the marital residence be deeded to wife, that wife be solely responsible for payment of the first mortgage, that husband be solely responsible for payment of the second mortgage, that wife not receive spousal support, and that the Mainstay accounts, which husband unilaterally redeemed, be equally divided and that husband pay wife her share within twelve months.  The commissioner also

-

recommended that husband pay wife nearly half of her attorney's fees and costs.

On June 19, 2001, husband filed written exceptions to the commissioner's recommendations regarding the marital residence, the second mortgage, the Mainstay investments and repayment schedule, and attorney's fees and costs. On June 21, 2001, husband filed the following additional exception:

> The Defendant objects and excepts to the Commissioner's failure to address the equitable distribution of tangible marital property in the marital residence in the context of the other recommendations by the Commissioner relative to the division of the marital property.

Wife excepted to the failure to recommend spousal support. She also contended the recommended amount for attorney's fees and costs was inadequate.

By letter opinion dated August 17, 2001, the trial court overruled all exceptions other than husband's exception relating to the distribution of the personalty in the residence. The trial court sustained that exception and directed the commissioner to "file a supplemental report on this issue" without hearing further evidence. On August 29, 2001, the commissioner filed a supplemental report. On October 23, 2001, the trial court entered a final order nunc pro tunc September 28, 2001, confirming and adopting the commissioner's recommendations.

-

ANALYSIS

Husband combined his arguments relating to the first three issues, namely, awarding the marital residence to wife, holding husband solely responsible for the second mortgage and awarding wife fifty percent of the Mainstay investment accounts. Husband characterized those decisions as punitive.

Code § 20-107.3(C) authorizes the court to order the transfer of jointly owned marital property based upon a consideration of the factors listed in subsection (E) of that statute. "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

## The House

In overruling husband's exception to the recommendation that wife be awarded the marital residence, the trial court noted, inter alia, "the twenty-year marriage," wife's "role as homemaker and primary caretaker of the children, her other substantial non-monetary contributions to the marriage," the effect husband's "pre-separation adultery had on the marriage"

-

and the fact that wife and children have occupied the house since separation.

The marital residence had a value of $120,000, with a balance of $60,000 remaining on the mortgage. In its decree, the trial court explained that it "considered each of the elements in Section 20-107.3(E)" prior to awarding the marital residence to wife, who was to "be solely responsible for payment of the first mortgage and all other household related expenses."

## Second Mortgage Liability

Code § 20-107.3(C) provides, in part, that "[t]he court shall also have the authority to apportion and order the payment of the debts of the parties, or either of them, that are incurred prior to the dissolution of the marriage, based upon the factors listed in subsection E." "The purpose and nature of the debt, and for and by whom any funds were used, should be considered in deciding whether and how to credit or allot debt." Gamer v. Gamer, 16 Va. App. 335, 341, 429 S.E.2d 618, 623 (1993).

Husband admitted in his testimony before the commissioner that he did not ask wife if he could sign her name to the 1997 second mortgage. The commissioner found that husband was not a credible witness and that he obtained the proceeds from the second mortgage without the knowledge or implied consent of wife. In upholding the recommendation and overruling husband's exception, the trial court relied, in part, on husband's "inability to

-

account for his use of the proceeds from the second deed of trust." The trial court also relied upon evidence suggesting that husband appropriated those funds for non-marital purposes constituting waste.

## Division of Mainstay Accounts

The evidence demonstrated that husband redeemed six Mainstay investment accounts valued at $38,533.09. The commissioner ruled that the accounts were marital property. After hearing evidence and considering the "timing of [husband's] use of the assets and his [extramarital] affair," the commissioner found that husband's use of those funds amounted to "a waste of marital assets" in that there was "simply no proof that he used these funds to in any way assist [wife]." As a result, the commissioner recommended that wife was entitled to fifty percent of the value of the redeemed accounts and that husband pay her within twelve months of the entry of the final decree.

In overruling husband's objection to the commissioner's recommendation, the trial court remarked on the commissioner's observation that husband's testimony lacked credibility and agreed with the commissioner's findings after "[h]aving read the transcript." "[T]he trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the

-

witness' testimony." Anderson v. Anderson, 29 Va. App. 673, 686, 514 S.E.2d 369, 376 (1999).

The trial court's decision regarding the above-referenced subjects was an exercise of sound discretion. There is no presumption favoring an equal division of marital property. See Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 831 (1986). We recognize that "the trial court's job [in reviewing an equitable distribution award] is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990).

The trial court stated that it considered all of the factors contained in Code § 20-107.3(E) and indicated its approval of an award equaling "about an 80/20 division." Moreover, in overruling objections to the commissioner's report, the trial court did not find "the overall distribution of the marital property to be punitive." The award was supported by the evidence and was not plainly wrong. Accordingly, the trial court did not abuse its discretion or commit reversible error.

### Tangible Personal Property

In ruling on husband's exception to the commissioner's report regarding personalty in the marital residence, the trial court explained:

-

Only four items of tangible personalty were mentioned during the hearing: a couch in need of re-upholstering and a table in need of refinishing, a "depression" glass collection of unknown extent or value, and some sunroom furniture that was purchased four or five years ago for $3500. [Husband's attorney] is correct that the Commissioner made no specific recommendation about this property. Perhaps the Commissioner intended it go to [wife] with the residence. Perhaps he applied the maxim de minimis non curat lex. Perhaps he made no recommendation because he did not believe this to be an issue in the suit.

(Citations to transcript pages omitted).

Because the commissioner failed to apportion these items, the trial court sustained husband's objection and directed the commissioner to file a supplemental report. In it, the commissioner stated:

Your Commissioner in his consideration of this case, considered this particular matter to be a non-issue since there was no evidence presented by either side as to the current value, if any, of these items which were purchased a number of years ago.
Your Commissioner sees no reason to have these items removed from the marital residence and so recommends.

As a result, the trial court ordered in the final decree that wife retain all furnishings in the marital home.

In considering valuation of the marital estate, we have held that Code § 20-107.3 "'mandates' that trial courts determine the ownership and value of all real and personal property of the parties." Nevertheless, "consistent with established Virginia jurisprudence, the litigants have the burden to present evidence sufficient for the court to discharge its duty."

-

Johnson v. Johnson, 25 Va. App. 368, 373, 488 S.E.2d 659, 662 (1997) (quoting Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987)).

Husband presented no evidence at the ore tenus hearing as to how many and what items of marital personal property were in the house and their present value. Therefore, the commissioner and trial court were unable to classify, valuate, consider and distribute that property. Accordingly, the trial court did not abuse its discretion in ordering the unnamed, unvalued personalty to remain in the marital residence.

Attorney's Fees and Costs

Any award of attorney's fees and costs to a party rests with the sound discretion of the trial court and will only be disturbed where there has been an abuse of discretion. See Rowand v. Rowand, 215 Va. 344, 346-47, 210 S.E.2d 149, 151 (1974).

Wife is a teacher, and husband owns a restaurant. Although the record indicated that the parties earn substantially similar annual incomes, the commissioner believed husband's "probable income is greater than that" reported to the IRS. In recommending the award, the commissioner relied heavily on the fact that husband was at fault for the dissolution of the marriage. In ruling on the parties' exceptions, the trial court noted "[t]here was evidence that would have supported a finding that [husband uses his business as a] private bank and that his

-

income is much higher than he claims."  The trial court found there was sufficient evidence of income and expenses to support the commissioner's recommendation that husband pay a portion of wife's fees and costs.  Based upon our examination of the record, we find no abuse of discretion in the trial court's decision to order husband to pay nearly one-half of wife's attorney's fees and costs.

Spousal Support

Wife contends the trial court erred in failing to award her spousal support.

"A spousal support award is subject to the trial court's discretion and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Howell v. Howell, 31 Va. App. 332, 351, 523 S.E.2d 514, 524 (2000).

After "consider[ing] all of the factors enunciated in § 20-107.1," the commissioner recommended that although wife is "entitled to spousal support, none should be paid" in view of the parties' apparently similar salaries and his other recommendations.  Because the commissioner found that the parties' incomes were substantially similar, the trial court denied spousal support to wife, but reserved her right to later seek it.  That decision was supported by credible evidence and was not plainly wrong.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.