COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Overton
Argued at Alexandria, Virginia


RITA KATHLEEN BRADLEY
                                        OPINION BY
v.    Record No. 0628-01-4      JUDGE NELSON T. OVERTON
                                        OCTOBER 22, 2002
ROGER WAYNE BRADLEY


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    Leroy F. Millette, Jr., Judge

            Catherine S. Croft (Farrell & Croft, P.C.,
            on briefs), for appellant.

            Joyce M. Henry-Schargorodski (Gaughan &
            Schargorodski, on brief), for appellee.


     Rita Kathleen Bradley (wife) appeals the circuit court's

Qualified Domestic Relations Order (QDRO) entered on February 9,

2001.  On appeal, wife contends the trial court erred by (1)

limiting the scope of the survivor benefits awarded to wife and

(2) requiring that for purposes of calculating the marital

shares of Roger Wayne Bradley's (husband) defined benefit

retirement plan, the plan ended upon the merger with a successor

defined benefit retirement plan.  Wife asks that the QDRO be

vacated.  For the reasons that follow, we disagree and affirm the

trial court's order.

     On appeal, we view the evidence and all reasonable

inferences in the light most favorable to appellee as the party

prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

BACKGROUND

Husband and wife were divorced by final decree entered on January 7, 2000.  In the final decree husband's Oil, Chemical & Atomic International Union (OCAW) defined benefit plan was distributed as follows:  35% of the marital share was awarded to wife and 65% to husband.  The decree allowed wife to receive the "OCAW defined benefit survivor benefit."  The final decree also provided that "[t]he jurisdiction of the Court is reserved to enter appropriate Qualified Domestic Relations Orders pursuant to this Order."

The trial court entered the QDRO on February 9, 2001.  The QDRO allows wife to receive only post-retirement survivor annuity benefits and does not allow her to receive pre-retirement survivor benefits.  The trial court explained that it did not intend for wife to receive pre-retirement benefits at the time of the final decree.  Wife admits she did not address the issue of pre-retirement benefits at trial and that she did not know they were available until after the conclusion of the trial.

The OCAW defined benefit plan merged with the PACE International Pension Fund on January 4, 1999.  In the final decree the court held that wife's share of the defined benefit pension equaled 35% of the marital share, or 32% of the gross

-

pension benefit.  The final decree specifically limits the marital share to the OCAW pension before the date of merger with PACE.  At the QDRO hearing, wife sought to apply the fixed marital share to the post-separation PACE successor plan.  We note that wife failed to include in the record the text of the OCAW plan.

## ANALYSIS

### I.

Wife argues the final decree of divorce did not specifically limit the survivor benefits to post-retirement benefits.  She cites the language in the decree which states simply:  "Wife shall have the option of receiving the OCAW defined benefit survivor benefit . . . ."  She further states the plain meaning of the provision necessarily includes the pre-retirement benefits.  Finally, she reasons the trial court impermissibly narrowed the scope of the final decree in the QDRO ruling.  However, wife never requested from the trial court the pre-retirement survivor benefits.  She admitted she did not learn of the availability of the benefits until after entry of the final decree.  The trial court explained it did not intend for wife to be entitled to any pre-retirement survivor benefits at the time of its ruling.

The final decree states "wife shall receive 35% of the marital share of the Husband's OCAW gross defined benefit pension plan as such is received by the Defendant."  (Emphasis

-

added.)  If wife were entitled to receive pre-retirement survivor benefits, she would receive that benefit before husband.  Additionally, Code § 20-107.3(G)(1) allows for payment to alternate payees only as such "benefits are payable" and "actually received" by the participant.

The court clearly expressed it did not intend to award wife such benefits, that they had not been mentioned at trial, and that awarding them in the QDRO would conflict with the final decree.  Wife admits she was unaware of the pre-retirement benefits at the time of the trial.  The general language of the final decree does not require the court to later grant benefits never contemplated during the proceedings.

> When entering a QDRO, the court may not "modify a final divorce decree simply to adjust its terms in light of the parties' changed circumstances"; the QDRO must be "consistent with the substantive provisions of the original decree."  "[E]ntry of an order purporting to 'change the substance of the original order or provide an interest in a pension that was not provided in the order' would contravene the intent of the legislature in enacting this code section."

Hoy v. Hoy, 29 Va. App. 115, 118-19, 510 S.E.2d 253, 255 (1999) (citations omitted).  The pre-retirement survivor benefits were not contemplated at the trial, and the court did not err by refusing to include them in the QDRO.

## II.

Wife states she was unaware until the entry of the QDRO that the trial court intended to calculate the marital share of

-

husband's OCAW pension without including the successor plan. She argues the trial court failed to classify the OCAW pension or the successor plan as marital or separate property. She further contends the pension should be presumed to be marital property, pursuant to Code § 20-170.3(A)(2). In pertinent part, that section provides: "All property including the portion of pensions . . . acquired by either spouse during the marriage, and before the last separation of the parties . . . is presumed to be marital property . . . ." Code § 20-170.3(A)(2). Wife contends the final decree did not limit the definition of the marital share to the OCAW defined benefit pension and that the court erred by so limiting it in the QDRO.

By determining the marital fraction of the OCAW pension, the court necessarily declared that pension to be marital property and, by not dividing the post-separation PACE pension, the court determined it was separate property. The final decree limits the marital share to the OCAW pension, and the trial court's QDRO ruling was consistent with the final decree.

Nothing in the record indicates the trial court intended to include the PACE successor plan in the distribution. Wife did not raise the issue at trial and did not object to the wording of the final decree. She argues the issue was confusing and unclear at trial. However, the decree clearly includes a division of the OCAW pension only and establishes the fraction to be used for division based on husband's term of employment

-

before OCAW merged with PACE.  Wife's contention that the QDRO is inconsistent with the final decree is not supported by the record.

Accordingly, we affirm the trial court's entry of the QDRO.

<u>Affirmed.</u>