COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Elder and Felton
Argued at Alexandria, Virginia


DAVID C. NEVELN

                                                MEMORANDUM OPINION* BY
v.        Record No. 1377-05-4              CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                       JANUARY 24, 2006

ELAINE M. NEVELN


                       FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                                      Thomas D. Horne, Judge

               Rachel L. Virk for appellant.

               Craig E. White (Sevila, Saunders, Huddleston & White, P.C., on
               brief), for appellee.


        In this domestic appeal David Neveln (husband) contends the trial court erred in its

distribution of his pension three years after a final decree of divorce was entered because the

court did not properly retain jurisdiction to address the issue.  In the alternative, husband argues

that the trial court erred in making an award to Elaine Neveln (wife) of half of the marital share

of his pension without adequately considering the factors set forth in Code § 20-107.3.  We hold

that the trial court retained jurisdiction to address the equitable distribution of husband's pension

and the evidence in the record established that the trial court sufficiently considered the factors

enumerated in Code § 20-107.3.  We therefore affirm the judgment of the trial court.[1]

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Wife also filed a motion to dismiss the appeal as procedurally barred.  Wife contends
that husband failed to ensure that the record contained evidence necessary for the resolution of
both of husband's claims and that accordingly neither assignment of error should be considered.
Wife argues that since the record does not contain a transcript of the final hearing, this Court
cannot determine the legal significance of counsel for wife's statements about the pension nor

I.  Background

On appeal, we view the evidence in the light most favorable to wife, the party prevailing below.  Bradley v. Bradley, 39 Va. App. 108, 110, 570 S.E.2d 881, 881 (2002).  So viewed, the evidence establishes that husband and wife were married on June 7, 1985 and separated on January 11, 1999.  In June 1999, husband filed a bill of complaint for divorce and requested equitable distribution of the marital property.  At the final hearing on December 6, 2000, counsel for husband presented an exhibit which husband identified as his "civil service retirement benefit statement."  That document is labeled "Your Personal Benefits Statement Based on Your Account as of January 2, 2000" and includes husband's social security number, his birth date, his service commencement date, and lists his retirement coverage as "1 – CSRS."  A second document introduced at trial, a "Thrift Savings Plan Participant Statement," identified husband's retirement coverage as "CSRS (1)."

The trial judge entered a final decree of divorce *a vinculo matrimonii* on February 6, 2001.  In that decree, the trial judge determined that "it is appropriate to divide the marital assets

---

can the Court adequately conclude that the evidence was sufficient to uphold the trial court's ultimate finding that wife was entitled to a portion of husband's pension.

Rule 5A:8 provides that "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered."  However, if the record is sufficient in the absence of the transcript to allow us to address the merits of husband's claims, we will proceed to hear the case.  Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).

We need not consider the transcript in addressing husband's first assignment of error.  Rather, we look to the final decree and to the trial court's letter opinion and additional memoranda interpreting the order to determine whether or not the trial court reserved jurisdiction.  Martin v. Coleman, 234 Va. 509, 510 n.1, 362 S.E.2d 732, 733 n.1 (1987) (reiterating that a court speaks only through its decrees).  Also, because we find that the exhibit included in the record was sufficient to allow the trial court to divide husband's pension, including the transcript of the final hearing would be unnecessary.  Twardy v. Twardy, 14 Va. App. 651, 654-55, 419 S.E.2d 848, 850 (1992) ("'Often, the entire transcript of proceedings in the trial court is unnecessary' and preparing one is 'wasteful of both money and time.'" (citations omitted)).

Therefore, wife's motion is denied.

and debts substantially equally." However, based on a comment made by wife's counsel at the final hearing, the trial judge addressed retirement benefits separately in the decree. That decree was endorsed "seen and agreed" by counsel for both husband and wife.

On July 14, 2004, wife filed a motion to exercise the retained jurisdiction to equitably divide husband's pension and requested that the trial court allocate fifty percent of the marital portion of the pension to her. A hearing was held on the motion, at which both parties presented argument but presented no additional evidence. The trial judge issued a letter opinion on January 11, 2005 and reiterated his findings in the final decree that the "relevant statutory factors" warranted "an equal division of the marital assets and debts." Thus, the trial judge concluded that "[a] review of the record supports an award to [wife] of 50% of the marital share of [husband's] CSRS plan."

The letter opinion was incorporated by reference in a May 11, 2005 order in which the trial judge specifically found that the court retained jurisdiction to hear argument concerning the equitable distribution of husband's retirement benefits in the divorce decree and that "the evidence produced at the equitable distribution hearing is sufficient to enable the Court to make an equitable distribution award of [husband's] CSRS retirement benefits." Additionally, he noted "that the Court has considered all of the factors set forth in subsection E of § 20-107.3 of the Code of Virginia." The trial judge awarded wife a "prorata share" of husband's CSRS benefits.

## II. Analysis

### A. Trial Court's Retention of Jurisdiction

Husband first contends that the trial court erred in exercising jurisdiction over the equitable distribution of his pension because the trial court only retained jurisdiction to ascertain the meaning of the statements made by wife's counsel concerning the pension during the final

hearing on December 6, 2000. We disagree, and find that the trial court retained jurisdiction to hear argument on and order the equitable division of husband's pension.

As an initial matter, we note that Rule 1:1 does not bar our consideration of this issue, even though the trial court did not find that retention of jurisdiction was "clearly necessary" as required by Code § 20-107.3(A), because the final decree was endorsed "seen and agreed" by counsel for husband and husband made no further objection to the language of the final decree until three years later. Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 383, 404 S.E.2d 388, 389 (1991) ("appellant did not make a timely objection to the trial court's ruling or its failure to make the required findings of fact; therefore, we hold that the appellant has failed to preserve for appeal the question whether the evidence was sufficient to support the ruling . . . to retain jurisdiction"); see Christensen v. Christensen, 26 Va. App. 651, 656-57, 496 S.E.2d 132, 134 (1998). Therefore, the statements in the final decree have become the law of the case. Spriggs v. Spriggs, 43 Va. App. 510, 512-13, 600 S.E.2d 136, 137 (2004).

A court may retain jurisdiction in order to consider matters of equitable distribution. Code § 20-107.3(A). The final decree specifically addressed the issue of retaining jurisdiction to consider husband's pension. The decree states:

> The parties disagree on whether [wife] is entitled to a marital share of [husband's] retirement benefits based on the statements of Counsel for [wife] at the beginning of the hearing. The parties defer to the Court, *which hereby retains jurisdiction to rule on the matter, the issue of whether [wife] is entitled to a marital share of the retirement benefits of [husband], and the terms of any such entitlement*. The Court shall hear argument at a later date.

(Emphasis added).

Husband argues that the language at the beginning of the paragraph stating that the parties disagree "based on the statements of Counsel for [wife] at the beginning of the hearing"

- 4 -

limits the trial court to reviewing what effect, if any, the statements of counsel for wife had on the distribution of husband's pension. We disagree.

A trial court speaks only through its written orders, and so to determine whether the trial court retained jurisdiction to consider husband's pension, we look solely to the language of the final decree. Martin, 234 Va. at 510 n.1, 362 S.E.2d at 733 n.1. The language must be read as a whole, not parsed into disjointed parts. The entire paragraph discussing husband's pension, despite its introductory language, is clear: the trial court "hereby retains jurisdiction to rule on the matter, the issue of whether [wife] is entitled to a marital share of the retirement benefits of [husband], *and the terms of any such entitlement*." (Emphasis added). It is well established that "'trial courts have the authority to interpret their own orders.'" Albert v. Albert, 38 Va. App. 284, 297-98, 563 S.E.2d 389, 396 (2002) (quoting Fredericksburg Construction Co. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000)). Furthermore, when construing a lower court's order, we give deference to the interpretation adopted by that court. Id. at 298, 563 S.E.2d at 396 (citing Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999) (en banc)).

The trial court found after argument by counsel and a review of its notes from the divorce hearing that the language of Paragraph 7 created an "express reservation" that entitled wife to the entry of a supplemental decree dividing the CSRS benefits and a QDRO implementing such decree.

We find no error in the trial court's interpretation of its own order and hold that the trial court properly retained jurisdiction over the issue of the equitable distribution of husband's pension.

B.  Trial Court's Consideration of the Factors in Code § 20-107.3

Husband next argues that the trial court erred by failing to properly consider the mandates of Code § 20-107.3.  Again, we disagree, and conclude that the trial court adequately addressed all of the factors set forth in Code § 20-107.3.

Unless it appears that "the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities," an equitable distribution award will not be disturbed on appeal.  Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987); see Code § 8.01-680.

When a party requests equitable distribution, the trial court must consider the ownership and value of the property, the marital or separate nature of the property, and must take into consideration the factors set forth in Code § 20-107.3(E) in fashioning a plan of distribution. Code § 20-107.3(A), (E); Gologanoff v. Gologanoff, 6 Va. App. 340, 348, 369 S.E.2d 446, 450 (1988) ("*all* of the provisions of Code § 20-107.3 must be followed").  Husband claims that the trial court failed to determine the ownership and value of the pension and did not characterize the property as marital or separate.

The record establishes that the trial court made the requisite findings and considered the evidence adduced at the original hearing.  Thus, the trial court properly characterized a portion of husband's retirement benefits as marital and allocated wife an appropriate share.

The marital share of a retirement or pension plan is defined as "that portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties."  Code § 20-107.3(G)(1).  The statutory definition can be effected through a formula endorsed by this Court:  "[t]he number of years that the spouse was in the pension plan while in the marriage serves as the numerator and the total number of years in the pension plan serves as

- 6 -

the denominator. This fraction establishes the marital share of the pension as defined by the statute." Mosley v. Mosley, 19 Va. App. 192, 198, 450 S.E.2d 161, 165 (1994).

Additionally, that part of a pension or a retirement plan "acquired by either spouse during the marriage, and before the last separation of the parties . . . is presumed to be marital property in the absence of satisfactory evidence that it is separate property." Code § 20-107.3(A)(2). Thus, pension benefits falling within the statutory definition are presumptively marital, and the burden falls on the party claiming that they are separate to present sufficient evidence to overcome the presumption. Banagan v. Banagan, 17 Va. App. 321, 325, 437 S.E.2d 229, 231 (1993).

In its order, the trial court awarded wife a "prorata share" of husband's pension. The trial court, in a February 28, 2005 memorandum, noted that "[t]he use of the term '*prorata share*' in the Order is consistent with the finding of the Court and satisfies the requirements of [5 C.F.R.] §§ 838.305, 838.504, and 838.621." The term "prorata share" is defined as "one-half of the fraction whose numerator is the number of months of Federal civilian and military service that the employee performed during the marriage and whose denominator is the total number of months of Federal civilian and military service performed by the employee." 5 C.F.R. § 838.621(a). In specifying a fraction of the pension to be equitably divided in favor of wife, the trial court necessarily classified that portion of the pension to be marital property. Bradley, 39 Va. App. at 112, 570 S.E.2d at 883. Thus, by identifying the dates on which the marriage began and ended and awarding wife a "prorata" share, the trial court complied with both Virginia and federal law. 5 C.F.R. § 838.621(b) (stating that if a court order states the date the marriage began and awards a "prorata share" it complies with the terms of that section); Code § 20-107.3(G)(1) (allowing a court to order direct payment of a percentage of the marital share from the plan administrator). Husband presented no evidence at the final hearing to rebut the

presumption that the portion of his pension earned during the marriage was marital property; therefore, the trial court properly determined that a "prorata share" of husband's pension was marital and thus subject to equitable distribution.

The trial court also sufficiently considered the ownership and value of the pension. A court is not required to determine the present value of a pension if it orders deferred distribution of that benefit. Johnson v. Johnson, 25 Va. App. 368, 374, 488 S.E.2d 659, 662 (1997). Using a deferred distribution method, the pension's present value "is irrelevant." Torian v. Torian, 38 Va. App. 167, 177, 562 S.E.2d 355, 361 (2002) (citation omitted). In fact, "to order deferred distribution based on present value, is error." Johnson, 25 Va. App. at 374, 488 S.E.2d at 662.

The record established that the trial court considered the exhibit labeled "Your Personal Benefits Statement" which included husband's name, social security number, and salary and considered all the evidence presented at the original equitable distribution hearing. The trial judge wrote:

> Previously, the Court had found that a consideration of the rights, title, and equities of the parties in the marital estate (this includes the CSRS benefits of [husband]), and of the relevant statutory factors enumerated in the Final Decree warrant an equal division of the marital assets and debts attendant to the marriage. Each party made contributions to the marriage and to the well being of the family. Although the period preceding [wife's] desertion was marked by considerable unhappiness, this was a marriage of fourteen years where both parties made significant monetary and nonmonetary contributions, provided care for their two children, and experienced good health.
>
> [Wife] expressed her desire to receive 50% of [husband's] annuity, and [husband] caused the exhibit #20 to be entered into evidence, albeit for the stated purpose of establishing his annual salary. A review of the record supports an award to [wife] of 50% of the marital share of [husband's] CSRS plan in accordance with the provisions of Va. Code Ann. § 20-107.3(G)(1). [Wife's] request for beneficiary designation pursuant to Va. Code Ann. § 20-107.3(G)(2), and for an award of counsel fees is denied.

The trial court then found in its order that husband was entitled to benefits through the Civil Service Retirement System and that in fashioning an award the trial court considered all of the factors in Code § 20-107.3(E). As a result, we find that the trial court adequately considered all of the statutory factors and did not abuse its discretion in awarding wife fifty percent of a "prorata share" of husband's pension.

Because we hold husband's appeal lacks merit, we grant wife's request for attorney's fees and costs incurred on appeal and remand the matter to the trial court for a determination of the proper amount. See Mullin v. Mullin, 45 Va. App. 289, 309, 610 S.E.2d 331, 340 (2005).

Accordingly, we affirm the judgment of the trial court.

Affirmed.