COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, McClanahan and Senior Judge Coleman
Argued at Richmond, Virginia


RUBY MORRIS FOWLER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1265-05-2                      JUDGE JAMES W. BENTON, JR.
                                                         MARCH 14, 2006
CLYDE M. FOWLER


                     FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                                    Michael C. Allen, Judge

               Robert L. Isaacs (Robert L. Isaacs, P.C., on briefs), for appellant.

               Randy B. Rowlett (Gordon, Dodson, Gordon & Rowlett, on brief),
               for appellee.


        In this appeal from a final decree of divorce, Ruby M. Fowler contends that the trial judge

erred in (1) failing to equitably distribute her husband's pension plan and other property,

(2) requiring her to pay her husband, Clyde M. Fowler, a lump sum monetary payment,

(3) awarding her spousal support in a lump sum, and (4) denying her request for a reservation of the

right to receive spousal support in the future.

        The parties were married in 1970.  The wife ceased working in 1973 because of epilepsy,

and she receives monthly social security disability of $533.  The husband retired from his

employment in 1986 and receives pension benefits of $1,231 monthly.  He also receives monthly

social security benefits of $1,047.  They separated in 2002 after thirty-two years of marriage and

were divorced by a final decree three years later.  This appeal challenges the trial judge's rulings

and provisions in the final decree concerning the distribution of the parties' marital property and

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

spousal support.  For the reasons that follow, we reverse these rulings and remand for reconsideration.

<u>Equitable Distribution</u>

"'In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case.'"  <u>Moran v. Moran</u>, 29 Va. App. 408, 417, 512 S.E.2d 834, 838 (1999) (citation omitted).  Although the trial judge must exercise sound discretion, we have recognized that the statute requires the judge to make a "determination . . . based upon the equities and the rights and interests of each party in the marital property."  <u>Keyser v. Keyser</u>, 7 Va. App. 405, 410, 374 S.E.2d 698, 701 (1988); <u>see also</u> <u>Barker v. Barker</u>, 27 Va. App. 519, 535, 500 S.E.2d 240, 247-48 (1998).  If the trial judge fails to do so or if he "use[s] an improper legal standard in exercising [this] discretionary function," then the trial judge necessarily abuses his discretion.  <u>Thomas v. Commonwealth</u>, 263 Va. 216, 233, 559 S.E.2d 652, 661 (2002).  In other words, "a trial court 'by definition abuses its discretion when it makes an error of law.'"  <u>Shooltz v. Shooltz</u>, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (citation omitted).  <u>See also</u> <u>Cooter & Gell v. Hartman Corp.</u>, 496 U.S. 384, 405 (1990) (holding that a trial judge "would necessarily abuse [his] discretion if [he] based [his] ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence").

a.  Valuation and distribution of a promissory note

The wife contends the trial judge improperly determined the value of a promissory note receivable to be the principal balance owed on the note at the time of the testimony.  She argues that the note was not "immediately due and payable" and that the trial judge should have equitably divided between the parties "a share of the income stream."  The husband responds that the judge's

determination of the value of the note was supported by testimony and by a schedule showing the amount of principal and interest payable on the note through maturity.

A trial judge "valuing marital property for the purpose of making a monetary award must determine from the evidence that value which represents the property's intrinsic worth to the parties upon dissolution of the marriage." Bosserman v. Bosserman, 9 Va. App. 1, 6, 384 S.E.2d 104, 107 (1989). In our review of the trial judge's decision on this issue, we are governed by the following principles:

> A trial court has broad discretion to determine the value of assets. "The trial court's valuation cannot be based on mere guesswork. The burden is on the parties to provide the trial court sufficient evidence from which it can value their property." Further, the trial court determines the weight and credibility to afford the evidence presented to it. In sum, "the value of property is an issue of fact, not law."

Hoebelheinrich v. Hoebelheinrich, 43 Va. App. 543, 556-57, 600 S.E.2d 152, 158 (2004) (citations omitted). Simply put, a trial judge may "choose among conflicting assessments of value as long as [the judge's] finding is supported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 413, 451 S.E.2d 713, 718 (1994).

Both the husband and the wife testified that they sold real estate to the wife's niece and the niece's husband and that they "retain[ed] a note against the property." During the husband's testimony, he identified and entered as an exhibit an amortization schedule of the payments on the note. The exhibit shows the initial principal amount in 1995 was $44,170.35, the interest rate is 8%, and the monthly payment is $324.32. The principal balance owed on the note at the time of the hearing was $40,286.13. Payments on the note are made to an account that has been maintained by the wife since the parties' separation.

The wife presented no contrary evidence of value for the judge's consideration. Instead, she argues that, because "no evidence . . . was presented as to the . . . present value," the trial

judge should have "equitably divid[ed]" the note and "awarded each party a share of the income stream from the promissory note."

Absent any other evidence as to how to value the note, the trial judge concluded that it should be valued at $40,286.13, the principal balance owed on the note.

> Where an asset consists of benefits to be received at some time after the divorce is complete, its present value will be less than the sum total of all future benefits. As any economics student knows, money earns interest, and the value of [a] dollar to be received in the future is therefore less than a dollar to be received today. To accurately value future benefits, the court must make certain that they are discounted to present value.
>
> In computing present value, the court must use a reasonable interest rate.

Brett R. Turner, Equitable Distribution of Property § 7:8, at 655-56 (3d ed. 2005) (footnotes omitted).

Although the wife contends the note's principal balance does not represent the note's present value, she provided no theories at trial or on appeal as to the better way to calculate the note's present value. She makes no argument about a discount rate or other factors.

As part of the equitable distribution scheme, the trial judge awarded this marital property to the wife and offset it by marital property of equal value to the husband. An exhibit in the record indicated the note had a principal balance of $40,286.13 and showed the amount of interest that would be paid on the note in each future installment.[1] Although the trial judge could

---

[1] The amortization schedule specified the principal and interest for each payment, and it indicates the following for the note:

```
FINANCE CHARGE:  . . . . . . . . . .   72,561.24
TOTAL PAYMENTS: . . . . . . . . . . 116,761.24
HIGH BALANCE: . . . . . . . . . . . .   44,200.00
ANNUAL PERCENTAGE RATE: . . . . . 8.000
NUMBER OF PAYMENT(S)   359  AT      324.32 BEGINNING 06/01/1995
NUMBER OF PAYMENT(S)      1  AT      330.36 BEGINNING 05/01/2025
```

have awarded each party a percentage of each payment to be made on the note, we hold that the trial judge's valuation was supported by the evidence and that his decision concerning this jointly owned asset was not plainly wrong.

### b. The husband's pension

The wife contends the trial judge erred in ruling that the evidence was insufficient to determine the marital share of the husband's pension. The husband responds that the wife offered no evidence as to the value of the marital share of the pension. We hold that the trial judge erred in his ruling.

The statute that authorizes the trial judge to decree as to the property of divorcing parties expressly provides that any "portion of pensions, profit sharing or deferred compensation or retirement plans of whatever nature, acquired by either spouse during the marriage, . . . is presumed to be marital in the absence of satisfactory evidence that it is separate property." Code § 20-107.3(A)(2). In addition, the statute provides that the trial judge may award up to fifty percent of the marital share of any such pension or plan to the non-owning spouse as such benefits are payable. Code § 20-107.3(G)(1). "In the case of any pension, profit-sharing, or deferred compensation plan or retirement benefit, the marital share as defined in subsection G shall be marital property." Code § 20-107.3(A)(3)(b).

The evidence proved that the husband began employment at DuPont in 1944. He was still employed by DuPont when the parties married in 1970. The husband retired from his employment in 1986 while the parties were married and began receiving monthly pension benefits. The parties separated in 2002.

In his letter opinion, the trial judge listed all property that was deemed marital, found that the marital property totaled $130,432.43, and found that the wife had in her possession almost $30,000 more of the marital property than the husband. The listing of the marital property did not

include, however, any portion of the husband's pension. The letter opinion further provides that "to approximate an equal division of the parties' marital estate, the [wife] shall pay to the [husband] a net monetary award in the amount of $15,000." Consistent with the letter opinion, the final decree provides "[t]hat to achieve an equal division of the parties' marital estate, the [wife] shall pay to the [husband] a net monetary award in the amount of $15,000." This provision of the final decree, which was to effect the judge's determination that an equal division of the marital property was appropriate in this case, resulted from a valuation and classification of the marital property that did not include consideration of the husband's pension benefits.

The trial judge classified the DuPont pension as "hybrid" property.[2] In classifying the property as hybrid, the trial judge ruled "there was no evidence . . . concerning the marital share of the pension, aside from the duration of the [husband's] employment and the duration of the parties' marriage." The trial judge noted that he "did not include the DuPont pension as part of the equitable distribution scheme, but rather treated the monthly pension benefits received by [the husband] as income to the [husband] for . . . determining . . . spousal support." His complete findings are as follows:

> While the evidence showed that the [husband] receives $1,231 per month in benefits from his DuPont pension plan, there was no evidence presented concerning the present value of the pension as an asset, nor any evidence concerning the marital share of the pension, aside from the duration of the [husband's] employment and the duration of the parties' marriage. Without sufficient evidence to equitably divide the DuPont pension, the Court did not include the DuPont pension as part of the equitable distribution scheme, but rather treated the monthly pension benefits received by plaintiff as income to the plaintiff for purposes of determining an award of spousal support.

---

[2] Although the statute does not use this term, "hybrid property," we have ruled that "Code § 20-107.3(A)(3) addresses hybrid property, that is, property which is by definition part marital and part separate." Rahbaran v. Rahbaran, 26 Va. App. 195, 207, 494 S.E.2d 135, 140 (1997). We further noted that "[t]he concept of hybrid property presupposes that separate property has not been segregated but, rather combined with marital property." Id.

The wife argues that, even in the absence of a present value, alternatives were available to the trial judge to determine the marital share of the pension. Indeed, in other cases, we have addressed the absence of a present value calculation. See e.g., Johnson v. Johnson, 25 Va. App. 368, 374-75, 488 S.E.2d 659, 662 (1997); Rowe v. Rowe, 24 Va. 123, 143, 480 S.E.2d 760, 769 (1997). We held in Johnson that

> [w]here, as here, the evidence renders a precise determination of a pension's value practically impossible[,] an award of pension benefits to a payee spouse, as those benefits are received by the payor spouse, as permitted by Code § 20-107.3(G)(1), may prove the only equitable method of considering the pension benefits in making an award.

25 Va. App. at 374-75, 488 S.E.2d at 662.

Furthermore, the record contained sufficient evidence from which the marital share of the pension could be determined. According to the husband's own testimony, he began working for DuPont in 1944 and continued there until his retirement in 1985 or 1986. Despite his uncertainty about whether he retired in 1985 or 1986, he testified that he worked at DuPont for forty-two years with a sixteen-month break for military service. The husband also testified that he and the wife married in 1970. He further provided a monthly income and expense sheet indicating he receives as a pension benefit the gross amount of $1,231 per month.

The judge's finding that the pension was "hybrid" property recognizes that it contains a marital portion. Furthermore, the evidence was sufficient to bring the pension within the provision of Code § 20-107.3(A)(2) describing presumptively marital property, i.e.,

> that portion of pensions, or retirement plans of whatever nature, acquired by either spouse during the marriage, and before the last separation of the parties, if at such time or thereafter at least one of the parties intends that the separation be permanent, is presumed to be marital property in the absence of satisfactory evidence that it is separate property.

According to explicit statutory language, "[i]n the case of any pension . . . plan or retirement benefit, the marital share . . . shall be marital property," when the pension is part marital property and part separate property. Code § 20-107.3(A)(3)(b). This section of the statute must be read in conjunction with Code § 20-107.3(G)(1):

> The court may direct payment of a percentage of the marital share of any pension, profit-sharing or deferred compensation plan or retirement benefits, whether vested or nonvested, which constitutes marital property and whether payable in a lump sum or over a period of time. The court may order direct payment of such percentage of the marital share by direct assignment to a party from the employer trustee, plan administrator or other holder of the benefits. However, the court shall only direct that payment be made as such benefits are payable. No such payment shall exceed 50 percent of the marital share of the case benefits actually received by the party against whom such award is made. "Marital share" means that portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties, if at such time or thereafter at least one of the parties intended that the separation be permanent.

The evidence in the record provided a sufficient basis to calculate the marital share using the statutory formula. Without determining the marital share of the pension, the trial judge impermissibly ruled that the entire pension was to be awarded to the husband. In so ruling, the trial judge failed "to achieve an equal division of the parties' marital estate," which was the premise underlying the distribution ordered by the final decree. "While the division or transfer of marital property and the amount of any monetary award are matters committed to the sound discretion of the trial court, 'any division or award must be based on the parties' equities, rights, and interests in the property.'" Theismann v. Theismann, 22 Va. App. 557, 564-65, 471 S.E.2d 809, 812 (citations omitted), aff'd en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).

The husband argues that the trial judge could not determine the marital share in the absence of proof whether the pension plan was a defined benefit plan or a defined contribution plan. We find nothing in the record to suggest this was a dilemma that should have impeded the

trial judge. The evidence proved the husband was receiving his monthly pension benefit payments. Therefore, we perceive no reason to conclude that the statute would suggest a different treatment of the calculation of the marital share in these circumstances. In Mann v. Mann, 22 Va. App. 459, 470 S.E.2d 605 (1996), we so held:

> Under Virginia law, it is well established that the marital portion of a defined benefit plan is distinguished from the separate portion by the application of a fraction, the numerator of which represents the total time the pensioner is employed during the parties' marriage, and the denominator of which represents the total time the pensioner is employed through the date of retirement. See, e.g., Mosley v. Mosley, 19 Va. App. 192, 198, 450 S.E.2d 161, 165 (1994); Primm v. Primm, 12 Va. App. 1036, 1037, 407 S.E.2d 45, 46 (1991). The fraction diminishes the marital share in relation to the number of years that pre-and post-marital contributions are made. Thus, as applied, the fraction effectively excludes from the marital share the income earned by pre-and post-marital contributions to the pension.

> Different treatment of a defined contribution plan follows neither from the nature of the plan, which is characterized by readily identifiable fund values during the life of the fund, nor from the language of the statute.

Mann, 22 Va. App. at 464-65, 470 S.E.2d at 607-08 (footnote omitted). The statutory language found in Code § 20-107.3(G) "is mandatory and can be implemented through the use of a simple formula." Mosley, 19 Va. App. at 198, 450 S.E.2d at 165.

As we noted in Mann, "we find no support for the view that the legislature intended to exclude retirement plans or any other specific type of property from the overall equitable distribution scheme." 22 Va. App. at 463, 470 S.E.2d at 603. "[W]hen pension benefits comprise a 'portion of the pool of marital assets,' they are clearly contemplated by the 'scheme' of Code § 20-107.3, which is intended to justly distribute the 'marital wealth of the parties.'" Banagan v. Banagan, 17 Va. App. 321, 325, 437 S.E.2d 229, 231 (1993) (citation omitted). The decision to treat the husband's pension payments as property that was not subject to the mandate of Code § 20-107.3(G) is not supported by the evidence. "The statute details that which must be

determined in order to reach an equitable result based on the notion of a marriage partnership, and awards based on anything less, regardless of how nobly and fairly created, cannot withstand the appellate review." Hodges v. Hodges, 2 Va. App. 508, 517, 347 S.E.2d 134, 139 (1986).

For these reasons, we hold that the trial judge erred in finding the evidence insufficient to determine the marital share of the husband's monthly pension benefits. The evidence was sufficient to prove the husband's pension benefits were part marital and part separate and to easily calculate the marital share. Accordingly, we reverse the portion of the final decree distributing the marital property and remand for reconsideration. We need not address the wife's claim of error regarding the lump sum monetary payment because it was a part of the overall award and necessarily must be reconsidered when the equitable distribution of the marital property is revised on remand. Code § 20-107.3(D) and (E).

Spousal support

The trial judge found that the wife demonstrated a need for an award of spousal support and ordered the husband to pay a lump sum of $15,000 for spousal support, finding that the husband did not have an ability to pay periodic spousal support. Citing Blank v. Blank, 10 Va. App. 1, 5, 389 S.E.2d 723, 725 (1990), the wife contends that no special circumstances or compelling reason existed to refuse her request for a periodic spousal support award. The husband responds that this was "clearly a case of special circumstances due to the [wife's] epilepsy and inability to work." Thus, the husband contends the trial judge's ruling is supported by the circumstances of this case and was not an abuse of discretion.

Code § 20-107.1(E) requires the trial judge to consider various factors, including "provisions made with regard to the marital property under § 20-107.3," when determining spousal support. Code § 20-107.1(E)(8). This scheme for assessing the "nature, amount and duration of an award" of spousal support, Code § 20-107.1(E), will require the trial judge to

revisit the spousal support award on remand in view of the reconsidered equitable distribution award. Accordingly, we vacate the provisions regarding spousal support, including the denial of the wife's request for reservation of the right to receive spousal support, and we remand for reconsideration.[3] See Rowe v. Rowe, 33 Va. App. 250, 270, 532 S.E.2d 908, 918 (2000).

For the foregoing reasons, we reverse and remand this appeal for such further proceedings as necessary in accordance with this opinion.

Reversed and remanded.

---

[3] The wife sought and obtained spousal support. Moreover, the record reflects that the wife's notice and motion and her suggested draft of a final decree contained a provision for the reservation of spousal support. We addressed a similar circumstance in Vissicchio v. Vissicchio, 27 Va. App. 240, 498 S.E.2d 425 (1998).

> At trial, mother . . . asked for spousal support. Mother requested to reserve the right to receive spousal support in the event of a change in circumstances by including a reservation in the final decree, which she prepared. The court deleted mother's reservation of the right to seek spousal support in the future from the final decree, but failed to explain the basis for its denial of her reservation. . . .
>
> While mother did not explicitly request a reservation of the right to seek spousal support at trial, but rather sought only spousal support, her request for spousal support implicitly contained a request for future spousal support, as events warranted, as well as a request for immediate support. Finding no legal barrier to spousal support for mother, we conclude that the court erred in refusing her request to reserve the right to receive spousal support in the event of a change in circumstances.

Id. at 254-55, 498 S.E.2d at 433.